[No. 20436. In Bank. — September 28, 1888.]

THE PEOPLE, RESPONDENT, *v.* T. H. EASTMAN, APPELLANT.

<div style="float:right">77   171<br>136   459</div>

CRIMINAL LAW — LARCENY — TRESPASS — PLEDGE. — If pledged property is taken away by the pledgor in the daytime without concealment, under an honest belief that wages earned by him for work done for the pledgee equaled the amount due on the pledge, the jury is warranted in believing that the intention to steal was absent, although a trespass was committed.

ID. — EVIDENCE OF INTENT. — Any fact or circumstance which tends to throw light upon the actual intent of the party charged with the felonious taking is pertinent evidence. It is prejudicial error to refuse to allow a defendant, who is charged with the larceny of a pledged mare, to show whether or not the pledgor was owing him for work and labor done for two months prior to the taking.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial.

The facts are stated in the opinion.

*Yell & Seawell*, for Appellant.

*Attorney-General Johnson*, for Respondent.

Foote, C.—The defendant was convicted of the larceny of a mare. From the judgment, and an order denying him a new trial, this appeal is taken.

The evidence went to show that the defendant was originally the owner of the mare, and that she was in pledge to McClure, the prosecuting witness, for a debt which the defendant owed him; that the defendant had worked for McClure for two months, and claimed wages for his services; that under this state of facts, McClure declining to advance him some money, the defendant in the daytime, and without any concealment, took the mare away from McClure's farm, and pledged her to another party for ten dollars. The most important question to be determined by the jury under the facts of this case was the *intent* with which the defendant took and carried the mare off.

It therefore seems to us that it was a material circumstance in the determining of that question whether the complaining witness owed the defendant wages which would have amounted to the sum of thirty dollars, for which the mare was pledged. For if the defendant had taken the mare off under the honest belief that he had a right to do it, in view of the fact that he might, in good faith, have considered his unpaid claim for wages to have been sufficient to have reimbursed McClure for the amount due him on pledge, the jury would have been warranted in believing that the intention to steal was absent, although a trespass was committed.

It is one thing to take and carry off personal property with the intention to steal, and another to take it away under a mistaken idea of legal rights honestly entertained, and any fact or circumstance which tends to throw light upon the actual intent of the party charged with the felonious taking is pertinent evidence, and should be allowed to go to the jury.

From the fact that in this case the defendant was not allowed to show whether or not McClure had paid him

or owed him for work and labor done for two months, we think he was prejudiced, and advise that the judgment and order be reversed, and the cause remanded for a new trial.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for a new trial.