[Crim. No. 913. First Appellate District, Division Two.—May 18, 1920.]

In the Matter of the Application of HAZEL BAYLES for a Writ of Habeas Corpus.

[1] APARTMENT-HOUSE KEEPER — WITHHOLDING POSSESSION OF TENANT'S PROPERTY—DISPUTED CLAIM—LARCENY.—Where the person renting a furnished apartment undertakes and agrees to leave the apartment "clean" upon vacating it, or to pay for cleaning the same, and agrees that the owner should have a lien upon his personal property for all unpaid charges under the agreement between them, and, upon the vacating of the apartment, a dispute arises as to whether the apartment is clean, the owner cannot be held for larceny for withholding possession of property of the tenant until the dispute between them can be legally determined. Felonious intent is an essence of the crime of larceny.

---

1. Intent essential to crime of larceny, note, 51 Am. Rep. 312.
Larceny or embezzlement as affected by belief in right to property taken, note, 41 L. R. A. (N. S.) 549.
Larceny as affected by purpose to take or retain property in payment of or as security for, a claim, note, 13 A. L. R. 142.

APPLICATION for a Writ of Habeas Corpus to secure the release of a person held to answer to the superior court upon a charge of grand larceny. Petitioner discharged.

The facts are stated in the opinion of the court.

C. F. Adams for Petitioner. ·

Matthew Brady, District Attorney, and Leo. R. Friedman, Deputy District Attorney, for Respondent.

LANGDON, P. J.—This case comes to us upon a petition for a writ of *habeas corpus*. The petition alleges that the petitioner is and was at all times mentioned therein the owner and manager of a certain furnished apartment house in San Francisco; that the prosecuting witness, P. Tucker, rented an apartment in said house; that at the request of said Tucker, petitioner furnished gas and electricity to him from February 16, 1920, to March 31, 1920; that at the time of renting said apartment, Tucker signed a receipt, agreeing to the terms and conditions set forth on the back thereof, one of which was that the price of gas and electricity should be charged for in addition to the price agreed upon as the rental of the apartment. Another one of the terms and conditions contained in said agreement attached to the petition is as follows: "I . . . also agree to leave the said apartment, the linen and bedding therein, clean and in good condition, or to pay the charges for cleaning and laundering the same; if said rent or any part thereof, or any charge hereunder, remain unpaid after the same becomes due, according to the terms hereof, or if any obligation hereunder remains unperformed," the owner may remove the personal property of the tenant and after three months may sell the same at public auction, etc. It is alleged in the petition that the apartment was vacated by Tucker on March 31, 1920, and was not left clean, and that petitioner was obliged to clean the same; that petitioner charged Tucker three dollars for cleaning said apartment; also a blanket and comforter used by Tucker in said apartment were left soiled, and a charge of $1.50 was made by petitioner for cleaning the same, which charges Tucker refused to pay; that the petitioner on said thirty-first day of March did take and

carry away one sewing-machine and one victrola of the value of $225, the property of said Tucker, and refused to permit said Tucker to have the same, and claimed to hold said property for a lien of $9.75, which amount included the charge for gas and electricity, breakage of chinaware, etc., cleaning of linens, blankets, etc., and the charge of three dollars for cleaning of the apartment. Upon April 2, 1920, Tucker swore to a complaint in the police court of the city and county of San Francisco, charging petitioner with the crime of grand larceny. A warrant was issued upon said complaint, and on April 5th petitioner was arrested. The hearing came on regularly on April 21, 1920, and upon said hearing the judge of the police court made an order holding the defendant to answer to the superior court upon the charge. Petitioner contends that the testimony before the committing magistrate shows no reasonable, probable, or lawful cause for holding her to answer to the superior court for the offense of grand larceny. The precise contention of petitioner is that the transcript of the testimony shows no felonious intent upon her part.

The testimony in the police court shows that Tucker offered to pay the charges for gas and electricity, breakage, etc., and refused to pay only the charges for cleaning the apartment. The first question presented, therefore, is whether or not petitioner had a lien upon the property for this charge. Section 1861a of the Civil Code provides: "Keepers of furnished apartment houses shall have a lien upon the baggage and other property of value belonging to their tenants or guests, which may be in such furnished apartment house, for the proper charges due from such tenants or guests for their accommodation, rent, service, meals and such extras as are furnished at their request. . . ." [1] It becomes unnecessary in this instance to decide whether the charge for cleaning the apartment and blankets at the end of the tenancy was a "proper" charge within the meaning of the statute, for the reason that Tucker himself agreed to what should be proper charges against him in his renting agreement. As before stated, in this agreement, he undertook to leave the apartment "clean" upon vacating it, or to pay for cleaning the same; and he agreed that the owner should have a lien upon his personal property for all unpaid charges under the agreement between them.

Whether or not the apartment was "clean" when it was vacated was a disputed matter, as shown by the testimony. "Clean" is a difficult word to define absolutely; it is a relative term. Its meaning to its users varies with the standards of such users; and it has a different significance in its relation to different objects. Mr. Tucker contends the apartment was left as "clean" as it was when he received it; Mrs. Bayles contends that her apartments have a reputation for being always "absolutely sanitary and immaculate," and that the apartment was not "clean," according to that standard, but that the services of a man were required for three days to clean the kitchen alone. However, this delicate question of fact does not fall to our lot for determination. If Mrs. Bayles was entitled to hold these articles until she was paid the price of cleaning the apartment, provided said apartment was not sufficiently cleaned before being vacated, then a dispute over the condition of the apartment would not so change the petitioner's legal position as to make her guilty of grand larceny in holding possession of the property under a claim of lien which would exist if she proved her contention about the uncleanliness of the apartment. For even though the standard of cleanliness exacted by the petitioner should be found by the jury to be an unreasonable standard, and not the standard contemplated by the agreement between the parties, yet, we think petitioner would not be guilty of grand larceny. The record discloses no evil or felonious intent upon the part of the petitioner; she was merely seeking to enforce her civil rights as she believed them to exist. Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another. (Sec. 484, Pen. Code.) Every taking by one person of the personal property of another, without his consent, is not larceny. Felonious intent is of the essence of the crime of larceny. (*People* v. *Devine*; 95 Cal. 227, [30 Pac. 378].) If a jury should determine that the apartment was clean, according to the standard contemplated by the parties at the time they made their agreement, at the time petitioner took possession of the goods, and that, therefore, no money was due petitioner for cleaning the same, Mr. Tucker could be amply compensated in damages for the wrongful detention of his property. (Sec. 667, Code Civ. Proc., and sec. 3336, Civ. Code.) But this question must be

tried out in a civil action, and not in a criminal proceeding. (Sec. 3379, Civ. Code; sec. 3380, Civ. Code; secs. 870, 509, 510, 511 and 512, Code Civ. Proc.)

The petitioner is discharged.

Nourse, J., and Brittain, J., concurred.