[Crim. No. 1364. First Appellate District, Division Two.—April 21, 1927.]

## THE PEOPLE, Respondent, v. G. W. SHEASBEY, Appellant.

[1] CRIMINAL LAW—ROBBERY—FELONIOUS ELEMENT.—Force and fear are not always unlawful or felonious; and the "felonious" element in robbery is not supplied solely by the use of force and fear.

---

1. What constitutes robbery, note, 70 Am. Dec. 178. See, also, 23 Cal. Jur. 840; 23 R. C. L. 1144.

[2] ID.—INTENT—LARCENY—ROBBERY.—The intent to steal or *animo furandi* is an essential element of larceny, and larceny is an essential part of robbery.

[3] ID.—ROBBERY—TITLE OR RIGHT OF POSSESSION OF STOLEN PROPERTY.—It is essential to the crime of robbery that ownership or at least the right of possession of the property taken must be in someone other than the defendant.

[4] ID.—TAKING UNDER CLAIM OF RIGHT OF POSSESSION—ROBBERY—JUDGMENTS—INTENT.—A judgment of conviction of robbery will be reversed where the defendant took the property in question under claim of right of possession and not with the intention of stealing it.

[5] ID.—ROBBERY—KIDNAPING—EVIDENCE.—In a prosecution for robbery and kidnaping, where the evidence showed that the defendant went upon the complaining witness' premises to repossess himself of certain personal property delivered by defendant to the complaining witness under a lease-contract; that while the complaining witness was seized and bound the property was removed and placed upon a truck; and that after the complaining witness was compelled to go in the truck to town, the "taking and carrying" of the complaining witness in violation of the section defining the crime of kidnaping commenced when his transportation to town commenced, and therefore the force used in taking the personal property was not the same force used in the carrying away of the complaining witness.

[6] ID.—ROBBERY—INTENT—EVIDENCE.—In such prosecution, upon the charge of robbery, the defendant should have been permitted to testify to his intent in doing the acts proved.

[7] ID.—KIDNAPING—INTENT—EVIDENCE.—In such prosecution, as far as the charge of kidnaping was concerned, the trial court did not err in sustaining an objection to a question asked of defendant as a witness as to what his reason was for taking the complaining witness on the truck with him, where the record shows that the question did not call for the statement of any fact which might have made the taking lawful, such as a warrant, consent, or the like.

---

2. Intent to steal as element of robbery, notes, 135 **Am. St. Rep.** 477; 21 Ann. Cas. 1138. See, also, 22 **Cal.** Jur. 838; 23 R. C. L. 1149.

3. Taking one's own property or property believed to be one's own as robbery, note, 13 Ann. Cas. 775. See, also, 22 **Cal.** Jur. 841; 23 R. C. L. 1140.

4. Taking under claim of right, note, 135 **Am. St. Rep.** 485. See, also, 23 R. C. L. 1143.

5. *Asportation or carrying away,* note, 135 **Am. St. Rep.** 476. See, also, 23 R. C. L. 1141.

[8] ID.—INTENT—EVIDENCE.—Where the intent, state of mind, or belief of the defendant is an element of crime, he is permitted to give the direct testimony on that fact and the facts showing intent.

[9] ID.—KIDNAPING—INTENT.—No state of mind or belief is a part of the crime of kidnaping nor constitutes by itself a defense to the charge, and where no circumstances are proved which would constitute a lawful excuse no intent is necessary except the intention of doing the acts denounced by the statute; and the purpose or motive of the taking and carrying away has been held to be immaterial in prosecutions for kidnaping.

(1) 34 Cyc., p. 1799, n. 21. (2) 34 Cyc., p. 1797, n. 12. (3) 34 Cyc., p. 1802, n. 36. (4) 34 Cyc., p. 1798, n. 13. (5) 16 C. J., p. 58, n. 87. (6) 34 Cyc., p. 1807, n. 72. (7) 35 C. J., p. 904, n. 43. (8) 16 C. J., p. 565, n. 69.

APPEAL from a judgment of the Superior Court of Fresno County. Charles R. Barnard, Judge. Reversed in part; affirmed in part.

The facts are stated in the opinion of the court.

M. F. McCormick for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

KOFORD, P. J.—Defendant appeals from a judgment of conviction of robbery and kidnaping. The facts out of which the charge grew are briefly as follows: Defendant sold the complaining witness J. T. Brown two pumps with operating machinery and an electric range, which were delivered and installed upon the ranch and premises of the latter. The sale was made and evidenced by a written lease-contract requiring installment payments to be made by the purchaser. Trouble and disputes arose between the two men in respect of promises alleged to have been made by the defendant as to the character of installation and in respect

---

8. Admissibility of direct testimony of accused as to his intent, notes, 12 Ann. Cas. 8; Ann. Cas. 1912D, 1045; 23 L. R. A. (N..S.) 367; 34 L. R. A. (N. S.) 323. See, also, 8 Cal. Jur. 33; 8 R. C. L. 182; 23 R. C. L. 1156.

9. See 15 Cal. Jur. 556.

of the failure of the buyer to make the installment payments as they became due. These disputes found their way into the justice's court and the superior court. Defendant sought legal advice and finally came to the conclusion that he had the legal right to go upon the premises of Brown and retake the range, pumps, and machinery. The lease-contract contained the provision that should the buyer fail to comply with any covenant or condition of the contract, "the seller may retake said personal property as owner thereof." It also had the customary provision found in such lease-contracts that the title and ownership of the property should remain in the seller until payment (or payment of the notes) had been made in full. To retake the property defendant selected Raisin Day, thinking, so he said, that the Browns would not be home. Defendant with a truck and several men went to the ranch to carry out his recapture operations. But Brown and his wife were at home. Defendant told Brown that he had come to collect for the personal property. Brown ordered defendant and his helpers off the premises with threats and started to proceed rapidly toward his dwelling-house. Fearing Brown was going to secure a firearm, defendant ordered his men to seize and bind him. Brown and his wife were then both seized and bound with cords and placed in the shade of trees under guard of some of the men while others removed and placed upon the truck the personal property in dispute. After this the wife was released, but Brown with his hands tied was compelled against his will to go with the party in the truck to town, where he was released upon arrival.

It is the contention of the appellant that the evidence is insufficient to constitute the crime of robbery because the defendant did not take the property *animo furandi,* or with intent to steal, but under claim of right of possession and of ownership. Respondent has not advanced any argument in support of the conviction of robbery, but has submitted this branch of the case upon the opening brief of the appellant. Defendant offered several instructions differently worded, but all generally to the effect of informing the jury that, if it found from the evidence that the defendant took the property openly and avowedly believing in good faith that he had the right of possession, he should not be found guilty of robbery. This was the sole defense of the defend-

ant. The court refused to give any of such instructions. Rulings upon evidence as well as the rulings upon the instructions refused and given to the jury by the trial court were apparently governed by the theory that the intent to steal was either nonessential or that defendant's intent could only be established by the circumstances connected with the offense as stated in Penal Code, section 21, and that defendant's claim of ownership and right of possession was immaterial. The trial and conviction of robbery were had upon this theory.

In Bishop's New Criminal Law, section 849, the author says: " . . . One who takes another's goods to compel him, though in an irregular way, to do what the law requires him to with them—namely, to pay his debt—is on no legal principle a felon, though doubtless he is a trespasser. . . . A trespass is not theft, except when done with felonious intent. And he who carries away a thing openly, and not clandestinely, to enforce a just claim, not for fraud, not to injure the owner, but to compel him to do what the law requires, is not a thief, whatever the extent of the wrong viewed otherwise."

In the code definition of robbery it is stated: "Robbery is the felonious taking of personal property . . . by means of force or fear." (Pen. Code, sec. 211.) **[1]** The "felonious" element is not supplied solely by the use of force or fear. Force and fear are not always unlawful or felonious. **[2]** The intent to steal or *animo furandi* is an essential element of larceny. (*In re Bayles,* 47 Cal. App. 517 [190 Pac. 1034]; *People* v. *Eastman,* 77 Cal. 171 [19 Pac. 266]; *Burke* v. *Watts,* 188 Cal. 118, 125 [204 Pac. 578]; Wharton's Criminal Law, 8th ed., secs. 848, 853, 884.) Larceny is an essential part of robbery. (*People* v. *Nelson,* 56 Cal. 77; *People* v. *Jones,* 53 Cal. 59.) **[3]** It is essential to the crime of robbery that ownership or at least the right of possession of the property taken must be in someone other than the defendant. (*People* v. *Ammerman,* 118 Cal. 23 [50 Pac. 15]; *People* v. *Vice,* 21 Cal. 345; *People* v. *Hale,* 64 Cal. App. 523, 530 [222 Pac. 148].)

**[4]** We conclude that the part of the judgment convicting the defendant of the crime of robbery should be reversed, the defendant having taken the property under claim of right of possession and not with the intention of stealing it.

[5] Appellant attacks the part of the judgment convicting of the crime of kidnaping upon two grounds. One is that all of the acts constituting the charge of kidnaping were included in the crime of robbery and that, therefore, the judgment convicts the defendant of two crimes for the same series of acts. He urges that the force used in taking the personal property was identically the same force used in the carrying away of Brown. With this we are unable to agree. The personal property was taken from Brown's possession sufficiently to constitute the element of "taking" in the crime of robbery, before the trip to town was commenced. The "taking and carrying" of Brown in violation of the section defining the crime of kidnaping commenced when his transportation to town commenced. Penal Code, section 207, reads in part as follows: "Every person who forcibly steals, takes, or arrests any person in this state, and carries him into another . . . county, or into another part of the same county, . . . is guilty of kidnaping."

Appellant assigns as error the court's ruling sustaining objections to questions asked of the defendant as a witness with regard to his intent. [6] Most of these questions related to the acts constituting the alleged robbery group of facts. As to them the defendant should have been permitted to testify to his intent in doing the acts proved. [7] But so far as these rulings relate to the charge of kidnaping the record shows the court sustained an objection to only the one question: "What was your reason for taking Mr. Brown on the truck with you to Riverdale?" The record of the trial shows the question did not call for the statement of any fact which might have made the taking lawful, such as a warrant, consent, or the like. If any such purpose was in the mind of the defendant's attorney unobjectionable questions could have brought out such facts, without using such expressions as "why" or "for what reason." No suggestion of any such facts was or has been made. The question called for and the record shows that it called for the motive or state of mind of the defendant only.

[8] Where the intent, state of mind, or belief of the defendant *is an element of the crime, he is permitted to give* his direct testimony on that fact. (16 Cor. Jur. 565; *People v. Farrell,* 31 Cal. 576, 582; *People v. Mullaley,* 16 Cal.

App. 44 [116 Pac. 88], [larceny]; *People* v. *Overacker,* 15 Cal. App. 620 [115 Pac. 756], [murder], and facts showing intent; *People* v. *Eastman,* 77 Cal. 171 [19 Pac. 266] [larceny].) [9] But no state of mind or belief is a part of the crime of kidnaping nor constitutes by itself a defense to the charge, and where no circumstances are proven which would constitute a lawful excuse no intent is necessary except the intention of doing the acts denounced by the statute. The purpose or motive of the taking and carrying away has been held to be immaterial in prosecutions for kidnaping. (*People* v. *Fick,* 89 Cal. 144, 150 [26 Pac. 759]; *People* v. *Bruno,* 49 Cal. App. 372 [193 Pac. 511].)

In the Fick case facts offered in evidence by the prosecution were held material to show the intent of the defendant because it was an issue in that case as to whether the defendant carried away the person under a warrant which he held, or otherwise. The warrant was the defendant's defense and in rebuttal certain facts were considered to show that the officer was not making an arrest in good faith followed by an escape, but that he used the warrant as a subterfuge. There the defense was a lawful warrant plus intent to execute it in good faith. Here nothing is urged as a defense except state of mind or motive alone.

The part of the judgment convicting defendant of the crime of robbery is reversed and the part convicting him of the crime of kidnaping is affirmed.

Sturtevant, J., and Nourse, J., concurred.