[Crim. No. 1471. Second Appellate District, Division One.—August 29, 1927.]

THE PEOPLE, Respondent, v. WILLARD H. FOSS, Appellant.

Cantillon & Hamilton, Thomas P. White, A. P. G. Steffes and Vincent C. Hickson for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman and James S. Howie, Deputies Attorney-General, for Respondent.

SHAW, J., *pro tem.*—The defendant was convicted of the crime of robbery and upon this appeal makes the contention that the evidence was insufficient to show the commission of that crime by him.

At the trial Thomas N. Littlewood, charged by the information to have been the victim of the robbery, testified that in the evening of October 2, 1926, he hailed the defendant, who was a taxicab driver and previously unknown to him, and entered his taxicab; that after driving to

various places in defendant's taxicab they went about midnight to a hotel, where defendant engaged a room, to which he took Littlewood and a third person; that at the time they entered the room Littlewood took from his pockets a roll of bills and paid therefrom defendant's charges, amounting to about $3, and then put the balance of the money back in his pockets; that Littlewood then had in his possession about $140; that previously during their ride Littlewood had exhibited some, if not all, of this money in the presence of defendant; that upon being paid his charges defendant left the room and Littlewood undressed, placing his clothes upon a chair; that in a few minutes, and while said third person was still present, defendant came back into the room and began beating Littlewood with his fists, striking him on the head and making him unconscious, but that Littlewood got several good looks at him before this happened and knew that it was the defendant; that Littlewood had not given the defendant or said third person permission to take any of his money and did not turn any of it over to said third person that night; that when Littlewood came to he found himself alone in the room and at once rushed from the room into the street without waiting to dress and shouted for help; that one Shepard came to his assistance and went with him back to the room, where Littlewood dressed, and then got into a car and went to the San Pedro police station and made a report.

Mrs. Ulna Helvig testified that she was the landlady of the hotel to which Littlewood went with the defendant; that defendant rented the room from her and that afterward she heard some knocks and thumps and a moan, and thinking someone was sick she sent a boy named Donald to call Shepard, who was a roomer at the hotel. She did not go out herself and did not testify that she ever saw Littlewood at all or witnessed anything occurring between him and defendant.

Stanley C. Shepard testified that he was a lodger at the hotel in question; that shortly after midnight of October 2d the boy Donald came and knocked at his door and said someone was being robbed. The statement as to what Donald said was not made in response to any question, and when the witness made it an objection was made and sustained to the

conversation between him and Donald, but no formal motion to strike out the above statement was made. Shepard further testified that he then got up, dressed and went out on the street; that he found Littlewood there and took him back into his room, where he got dressed, and Shepard then took him to the San Pedro police station.

Henry L. Evans, a police officer, testified that he saw Littlewood at the San Pedro police station about 1 A. M. of October 3d, and there were then a few scratches on his face. On cross-examination the defendant asked this witness: "Q. Did you examine the witness, Mr. Littlewood, to ascertain whether or not he had any money on him?" To this question the People objected that it was wholly immaterial and not proper cross-examination, and the court sustained the objection on the latter ground, which appears to have been well taken.

Joe Williamson, also a police officer, testified that he saw Littlewood at the San Pedro police station about 1 A. M. of October 3d; that "he seemed to be somewhat excited in telling about the things that occurred earlier in the evening; that he had been robbed, and on his cheek was a notch or bruise on his cheekbone and another one on the edge of his jawbone just to the right of the chin."

■ The foregoing is the substance of all the testimony material to the point on which we must decide this appeal. To constitute the crime of robbery there must be a felonious taking of personal property (sec. 211, Pen. Code); but the evidence in this case wholly fails to show any taking. The complaining witness testified clearly and positively that he had $140 in his possession just before he was assaulted by defendant, but he gave no testimony whatever tending to prove that any part of it was taken from him by anyone. As far as this court can determine from a careful examination of all of the testimony in the record, he may still have it. In response to appellant's argument on this point the respondent asserts in its brief that Littlewood testified that when he came to his money was gone, but refers us to no place in the record where any such testimony appears; and a purported *résumé* of the whole evidence contained in another part of the same brief fails to state any such testimony. We cannot regard such unfortified argumentative assertions as

evidence. The nearest approach to any testimony upon this point was the question asked of a police officer as to whether he had searched Littlewood for money, and the answer to this question was blocked by objection made by the prosecutor. The hearsay testimony of Shepard that the boy Donald told him someone was being robbed was probably excluded from the jury's consideration by the ruling of the court on the objection (*Bloomberg* v. *Laventhal,* 179 Cal. 620 [178 Pac. 496]) ; but even if it may be regarded as remaining in the record, it is not sufficient to support a finding that Littlewood was robbed. The testimony of officer Williamson that Littlewood complained at the police station of being robbed is also hearsay, but was given without objection. Even if these two hearsay statements can be considered at all, they are mere conclusions and do not set forth any of the facts necessary to constitute robbery or identify such robbery with that charged in the indictment. The judgment must be reversed for want of sufficient evidence to uphold the verdict.

Appellant requested the court to instruct the jury as to the offenses of larceny and simple assault, which the court refused to do, and appellant now argues that these were lesser offenses which are necessarily included in the offense of robbery, and, therefore, under section 1159 of the Penal Code the instructions requested should have been given.

In view of the total lack of evidence as to any taking of personal property, no instructions as to larceny were necessary, and the failure to give them was not error.

The evidence was sufficient to warrant a conviction of simple assault. (Pen. Code, sec. 240.) It has been held that the offense of simple assault is included within the offense of assault with intent to commit robbery (*People* v. *Demasters,* 105 Cal. 669 [39 Pac. 35] ; *People* v. *Mallon,* 103 Cal. 513 [37 Pac. 512]), and that the last-mentioned offense is included within the offense of robbery (*People* v. *Allen,* 32 Cal. App. 110 [162 Pac. 401]). It follows that the offense of simple assault is also included within robbery, and the court erred in refusing to give the instructions requested on this point. In view of the lack of evidence justifying the verdict of robbery, we must hold that this error was prejudicial and resulted in a miscarriage of justice.

The judgment and the order denying a new trial are reversed and the cause remanded to the superior court for a new trial.

Conrey, P. J., and Houser, J., concurred.