PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. TOMÁS BENÍTEZ, Defendant and Appellant.

No. 3830: Argued November 8, 1929.—Decided December 24, 1929.

R. Sancho Bonet, for appellant.   R. A. Gómez, for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant was accused and convicted of the larceny of a tire and its rim, a horn, and a klaxon.

The sole assignment of error is that the court erred in overruling the motion of nonsuit. The defendant presented no proof. The appellant analyzes the evidence to urge that the relations of the parties were entirely of a civil nature and more especially that no criminal intention could reside in the acts performed by the appellant.

The evidence reveals that Julio Fuentes was the purchaser of an automobile bought on a conditional sale. He made an arrangement with Tomás Benítez, the appellant, whereby the latter should drive the automobile for him, necessarily take care of the upkeep, to pay the notes due, and divide the profits. In the course of this business parts of the automobile wore away and it became necessary to buy new ones. These new parts were bought by Tomás Benítez in the course of the business out of the income earned by the automobile. At all times it was a used car. It happened that through illness or otherwise Julio Fuentes, the purchaser, could not keep up the payments on the automobile. An arrangement therefore was made whereby it should be returned to the original seller. A policeman was sent for the automobile which was turned over to him by Fuentes. The officer took it to headquarters and left it in front thereof. Tomás Be-

nítez came up and extracted from it the tire, the rim, the horn and the klaxon. The policeman testified that Tomás Benítez, on taking the articles, claimed them as his own. In other words, the parts were detached from the automobile under a claim of right.

Section 426 of the Penal Code defines larceny as follows:

"Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another."

Hence there must not only be a taking or carrying away, but it must be with a felonious intent. The outline of the facts in this case shows that Benítez had no felonious intent. He evidently had no thought that he was taking the property of another.

More particularly we cite with approval from 36 C. J. 764, p. 105 as follows:

"If one, in good faith, takes the property of another, believing it to be legally his own, or that he has a legal right to its possession, he is not guilty of larceny, although his claim is based on a misconception of the law or of his rights under it, for although ignorance of law and honest intentions cannot shield a man from civil liability for a trespass committed by him, yet they do protect him from criminal liability, by divesting the act of the felonious intent without which it cannot be a crime. It is necessary, however, in all cases that the claim of right be a bona fide one, and not a mere cover for a felonious taking, and must be something more than a vague impression; it must amount to an honest conviction. Knowledge of the existence of an adverse claim by another person does not negative the existence of good faith."

Particular cases from California that support the text are as follows: *Burke* v. *Watts,* 188 Cal. 118; *People* v. *Devine,* 95 Cal. 227; *People* v. *Eastman,* 77 Cal. 171. In the last-named case the defendant pledged a mare to the prosecuting witness and subsequently did some work for the latter. The defendant took the mare under a claim of right and the court held it was error not to submit the intent to the jury. Many authorities are reviewed in *State* v. *Holmes,* 57 A. D. 260.

Benítez bought these abstracted parts with money from a common enterprise. He evidently thought that he had a claim upon them, and we can not question from the evidence that the claim was genuinely entertained. No felonious intent could be inferred.

Another aspect of the case occurs to us. The evidence discloses that the agent of the conditional vendor sent for the automobile. The policeman who took it was under the orders of the said agent. The property or the possession of it passed from Fuentes to the original vendor. Then it was that Benítez abstracted the parts. It was only after the taking that the original vendor refused to receive the car. It may be seriously questioned whether at the moment of the taking the possession of the property had not reverted to the conditional vendor. The parts were abstracted at a moment when Fuentes could not have set up any rights to the automobile.

The judgment will be reversed and the defendant discharged.