EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* TOMÁS BENÍTEZ, acusado y apelante.

No. 3830.—*Sometido:* Noviembre 8, 1929. *Resuelto:* Diciembre 24, 1929.

*R. Sancho Bonet,* abogado del apelante; *R. A. Gómez,* abogado de
*El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El apelante fué acusado y convicto de haber hurtado una goma con su aro, una bocina y un *klaxon.*

El único señalamiento es que la corte inferior cometió error al declarar sin lugar la moción de *nonsuit.* El acusado no presentó prueba alguna. El apelante analiza la prueba para sostener que las relaciones existentes entre las partes eran por completo de naturaleza civil, y, más especialmente, que no podía haber intención criminal en los actos cometidos por él.

La prueba revela que Julio Fuentes era el comprador de un automóvil adquirido en venta condicional. Hizo arreglos con Tomás Benítez, el aquí apelante, a virtud de los cuales éste debía guiar el automóvil para alquilarlo, cuidar necesariamente de la conservación del vehículo, satisfacer los pagarés adeudados, y dividir las ganancias. En el curso de este negocio, algunas partes del automóvil se gastaron, y se hizo necesario adquirir otras nuevas. Tomás Benítez las compró del producto obtenido con el automóvil en el curso de los negocios. El automóvil fué siempre de segunda mano.

Sucedió que debido a enfermedad o por alguna otra causa, Julio Fuentes, el comprador, no pudo atender a los pagos del automóvil, por tanto, se hizo un arreglo mediante el cual se le devolvería el carro al vendedor original. Se envió a un policía en busca del automóvil, el que le fué entregado por Fuentes. El policía lo llevó al cuartel y lo dejó frente al

mismo. Tomás Benítez llegó allí y le quitó la goma, el aro, la bocina y el *klaxon*. El policía declaró que Tomás Benítez, al apropiarse de los artículos, alegó que le pertenecían. En otras ·palabras, esas partes fueron separadas del automóvil bajo la alegación de tener derecho a ellas.

El artículo 426 del Código Penal define el delito de hurto en la siguiente forma:

"Hurto (*larceny*) es el acto de sustraer, con intención criminal, bienes muebles o semovientes, pertenecientes a otra persona."

Este artículo en inglés dice así:

"Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another."

Por tanto, debe haber no sólo la sustracción o apropiación, ·sino que ello debe hacerse con intención criminal. La reseña de los hechos en este caso demuestra que Benítez no tuvo intención criminal. Evidentemente, él no pensó que estaba cogiendo la propiedad de otro.

Citamos más particularmente con aprobación de 36 C. J. 764, párrafo 105, lo que sigue:

"Si una persona, de buena fe, sustrae propiedad ajena, creyendo que legalmente le pertenece, o que legalmente tiene derecho a poseerla, tal persona no es culpable de hurto, aunque su alegación se base en un concepto erróneo de la ley o de sus derechos al amparo de la misma, pues aunque la ignorancia de la ley y las intenciones honradas no pueden escudar a un hombre de responsabilidad civil por un transgresión cometida por él, sin embargo, sí le protegen de responsabilidad criminal, despojando al acto de intención criminal, sin la cual no puede constituir delito. Empero, es necesario en todos los casos que la alegación de que se tiene derecho a la cosa sea *bona fide* y no un mero pretexto para una apropiación criminal; debe ser algo más que una vaga impresión; debe equivaler a un convencimiento honrado. El conocimiento de la existencia de una reclamación adversa por otra persona no destruye la existencia de buena fe."

Los casos específicos de California que sostienen el texto son: *Burke* v. *Watts,* 188 Cal. 118; *People* v. *Devine,* 95 Cal.

227; *People* v. *Eastman,* 77 Cal. 171. En el último caso citado, el acusado dió en prenda una yegua al testigo principal, y posteriormente hizo algún trabajo para éste. El acusado se llevó la yegua alegando que tenía derecho ·a ella, y la corte resolvió que fué error no someter al jurado la cuestión de intención. En el caso de *State* v. *Holmes,* 57; A. D. 260, se revisan muchas autoridades.

Benítez compró las partes sustraídas con dinero obtenido de una empresa común. Evidentemente, él creyó que tenía un derecho sobre ellas, y, a juzgar por la prueba, no podemos dudar de que hiciera genuinamente su alegación. No podía inferirse intención criminal alguna.

Se nos ocurre otro aspecto del caso. La evidencia demuestra que el agente del vendedor condicional mandó por el automóvil. El policía que se incautó del vehículo actuaba bajo las órdenes de ese agente. La propiedad o la posesión de la misma pasaron de Fuentes al vendedor original. Fué entonces que Benítez sustrajo los accesorios.

Sólo fué después que el acusado se llevó las piezas que el vendedor original rehusó recibir el carro. Podría dudarse seriamente si en aquel momento la posesión de la propiedad no había revertido al vendedor condicional. Los accesorios fueron sustraídos en un momento en que Fuentes no podía alegar derecho alguno sobre el automóvil.

*Debe revocarse la sentencia apelada y absolverse al acusado.*

El Juez Asociado Señor Texidor no intervino.