[Crim. No. 1607. First Appellate District, Division One.—April 6, 1931.]

THE PEOPLE, Respondent, v. MELVIN DAHL, Appellant.

Philip M. Zwerin for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

TYLER, P. J. — Appellant was accused on information filed by the district attorney of the crime of robbery. Upon his arraignment he pleaded not guilty and upon trial was convicted of the crime as charged. Motion for a new trial was made and denied, whereupon sentence in the state prison was imposed. The appeal is from the judgment of

conviction and from the order denying the motion for a new trial. Briefly stated, the facts are as follows: The complaining witness had been employed at a certain restaurant as cashier. While so employed he became acquainted with defendant who also had been employed at the same place of business. Early in the morning of the day on which the crime charged was committed, the defendant came into the restaurant and held up the cashier, by putting him in fear with a loaded revolver. Defendant testified that the act was committed under a prearranged plan with the cashier.

The ground relied upon for a reversal is the alleged error of the court in instructing the jury defining robbery, and its refusal to give an instruction based upon section 1111 of the Penal Code, relating to accomplices. It is also claimed that the evidence is insufficient to support the verdict. ■ Respondent presents the argument that this court is without jurisdiction to entertain the appeal for the reason that appellant failed to comply with the rule requiring him to file with the clerk and present to the trial court within five days after giving notice of appeal, an application stating the grounds of appeal and the points relied on to support the same, as required by the rules of this court promulgated by the judicial council pursuant to section 1246 of the Penal Code. It sufficiently appears, by affidavit, that the rule was complied with. The motion to dismiss is therefore denied.

The claim that the trial court committed error in instructing the jury relative to the crime of robbery and in failing to instruct it with reference to accomplices is without merit. ■ The complaint urged against the given instruction is that it failed to inform the jury that it might convict defendant of the lesser offense, he having testified that he did not use a deadly weapon in the perpetration of the crime. But defendant admitted that he was armed with a revolver when he committed the act. The fact that the deadly weapon was thus available to him to carry out the criminal act is sufficient to bring him within the operation of the statute. The weapon need not be exposed. (*People* v. *Hall and Russell*, 105 Cal. App. 359 [287 Pac. 533].) ■ While it is the duty of the court to instruct of its own motion, when the evidence justifies it, as to the lesser offenses or lesser degrees of the offense that are included in the charge, the question of the failure to so instruct cannot

be raised upon appeal where the defendant did not request an instruction. (8 Cal. Jur., pp. 309, 310.) Here the record fails to show that defendant proposed any instructions whatsoever. ■ If the jury believed defendant's testimony to the effect that the complaining witness agreed to allow himself to be robbed, the crime of robbery would not have been committed, the necessary elements of the crime being lacking, and defendant would have been entitled to an acquittal. Believing as they did the testimony of the witness for the prosecution, that defendant held him up with the aid of a revolver, and defendant admitting that he possessed a revolver at the time, he was guilty of robbery in the first degree. In other words, defendant was guilty of robbery in the first degree or he was not guilty of the crime at all. In such a case it is not error to refuse to instruct on the lesser degree of the offense. (*People* v. *Haun*, 44 Cal. 96, 100; *People* v. *Turley*, 50 Cal. 469; *People* v. *Shannon*, 203 Cal. 139, 143 [263 Pac. 522].) ■ What we have said with reference to this objection applies with equal force to the failure of the trial court to give an instruction relating to accomplices, assuming that defendant was entitled to such an instruction. (*People* v. *Tobin*, 39 Cal. App. 76 [179 Pac. 443].) ■ Nor is there any merit in the claim that the evidence is insufficient to support the verdict. Defendant admitted the commission of the act.

The judgment and order appealed from are affirmed.

Knight, J., and Ward, J., *pro tem.*, concurred.