[Crim. No. 1805.   Third Dist.   July 25, 1942.]

THE PEOPLE, Respondent, v. GEORGE FRANCIS DRIS-
COLL, Appellant.

Robert A. Zarick and A. V. Panattoni for Appellant.

Earl Warren, Attorney General, and J. Q. Brown, Deputy Attorney General, for Respondent.

THOMPSON, J.—The defendant was charged in two counts of an information with (1) robbery by means of force and fear, and (2) assault with a deadly weapon. Previous to the trial, the last-mentioned count was dismissed. A verdict of guilty of robbery of the first degree was returned by the jury. From the judgment which was accordingly rendered and from the order denying a new trial this appeal was perfected.

Fred Hunt, the prosecuting witness, testified that he and the defendant occupied adjoining cabins in an auto camp in North Sacramento. Hunt was working for a contractor by the name of Dykes, who paid him $20 the day the robbery occurred. Mr. Dykes confirmed that fact. Hunt said that he also had on his person at that time an additional sum of $50. He carried the $70 in greenbacks in his pocket. On the evening of the robbery the defendant had been drinking. When Hunt returned to camp that evening he saw the defendant shooting with a gun at a tin can. The defendant accompanied Hunt to a store where the prosecuting witness bought and paid for some groceries. They returned to the camp and each entered his own cabin. After Hunt had prepared and eaten some ham and eggs, the defendant called to him from outside his cabin. As Mr. Hunt emerged, the defendant, without warning, struck him with his gun and

knocked him down. Driscoll then pointed the gun at Hunt and said: "Give me that money you got." The prosecuting witness testified, "There wasn't nothing for me to do but to hand it over to him," which he did. He promptly gave the defendant his roll of greenbacks containing $70. The defendant then commanded him to "head for the river." Hunt obeyed, not daring to refuse for fear of being shot. When he reached a point out of the sight of the defendant, he immediately ran to the home of a friend by the name of Mose and reported the robbery.

As a result of the blow on his head, Hunt received a serious laceration across the bridge of his nose and over his left eye, from which he bled profusely. Two days later he visited Doctor Glenn of Sacramento for treatment of the wounds. The doctor testified that he then treated him for a severe laceration over the left eye and a bruise on the bridge of the nose. His eye was then badly swollen. The doctor said that the wounds were evidently caused by a blow from a blunt weapon such as a gun or a club. Mr. Hunt told the doctor he had been knocked down and robbed. The officers were promptly notified of the crime and the defendant was apprehended and charged with the offense. At the trial the sawed-off rifle, which was used by the defendant in firing at the tin can, and which was identified as the same weapon with which Hunt was struck, was received in evidence. The defendant admitted that he had that gun in his possession in the cabin. The defendant denied that he struck Mr. Hunt with his gun, or that he took any money from him. But he did admit that they had a quarrel that night and that he struck him several times with a club and knocked him down. He said that he struck the prosecuting witness several times with a club in necessary self-defense.

The appellant contends that the verdict and judgment are not supported by the evidence, and that the court erred in refusing to give to the jury one instruction which he offered regarding the right of the jury to consider evidence of a lesser offense of assault included within the charge of robbery.

The verdict and judgment are adequately supported by the evidence. It is true there was no eyewitness to the affair other than the defendant and the prosecuting witness. Their stories are in absolute conflict regarding most of the material circumstances. The defendant denied that he struck Mr. Hunt with the gun or that he robbed him of any money.

He admits that he struck him several times with a club and that he knocked him down. Since Mr. Hunt said that he was struck but once with the gun, it is strenuously argued that a scalp wound which he received at or near the temple, together with a bruise over the bridge of the nose and a laceration over the left eye become conclusive evidence that he must have been struck several times, as the defendant says that he was. We are of the opinion that conclusion does not necessarily follow. It does not appear to be improbable that one blow with a gun might inflict all those injuries, including the bruised bridge of the nose, the swollen eye, the cut above the eye and the breaking of the skin near the temple. He might have received the injury near the temple when he struck the ground. Doctor Glenn testified that the injuries which he treated two days after the robbery might have been caused by a blow from a blunt weapon such as a gun or a club. The court and the jury observed the witnesses on the stand and listened to their testimony. No doubt the location of the wounds was pointed out at the trial. The story related by the defendant does not carry conviction with it. The weight of the evidence and the credibility of the witnesses were for the sole determination of the jury. We have no disposition to disturb its conclusions in that regard.

The chief contention of the appellant is that notwithstanding the fact that the second count of the information, charging him with an assault with a deadly weapon, was dismissed, still that crime or a simple assault may be included within the charge of robbery, and he was therefore entitled to have the jury consider the evidence, together with appropriate instructions on that subject, to determine whether he was guilty of a lesser offense of an assault with a deadly weapon, or of a simple assault.

It is true that an assault with a deadly weapon, or even a simple assault, may be included within the charge of robbery. (*People* v. *Dahl*, 113 Cal. App. 224 [298 Pac. 59]; *People* v. *Foss*, 85 Cal. App. 269 [259 Pac. 123]; § 1159, Pen. Code; 8 Cal. Jur. 376, § 409.) It necessarily follows that when the evidence warrants it, a defendant is entitled to have the jury instructed that it may properly find him guilty of either of the lesser offenses which may be included within the charge of robbery.

The jury was not only fully and fairly charged with respect to every essential element contained within the crime

of robbery, but it was also correctly and elaborately instructed, at the request of the defendant, as to what constitutes an assault with a deadly weapon, and of the absolute right of one who is assailed by another, to use any and all force necessary to repel his assailant and to defend himself. The jury was told that it was not necessary that danger of bodily harm at the hands of one's assailant should be real or actual, but that if the defendant reasonably believed that he was about to be attacked and was in danger of receiving great bodily harm, he had a lawful right to use a club or resort to any other necessary force to defend himself. The principles of law applicable to assaults were fully covered in the instructions which were given to the jury, with specific reference to the defendant's evidence upon which he relies. The jurors were clearly informed that if they were satisfied that the defendant, in good faith, struck Fred Hunt with a club and knocked him down, believing that he was about to receive bodily harm, although no danger of such harm actually existed, it was still their duty to "acquit him of the charge of assault . . . upon the ground of necessary self-defense."

The jury was clearly and repeatedly instructed that unless it believed beyond a reasonable doubt that the defendant took the money and personal effects mentioned in the information from the person of the prosecuting witness by means of force or fear, it was bound to find him not guilty.

We are of the opinion the refused instruction is sufficiently covered by the charge which was given to the jury on that subject. ■ Moreover, the refused instruction is misleading. It reads:

"You are instructed that the defendant in this case testified that he struck the complaining witness, Fred Hunt, with a club in defense of his person. You are further instructed that in the event you believe such striking to have occurred, *but that said striking did not occur as a result of fear engendered in the defendant by the complaining witness,* then in that event you are instructed that if you believe no robbery to have occurred, you may find the defendant guilty of assault and battery."

The refused instruction fails to state that the fear on the part of the defendant, which would justify him in striking the prosecuting witness with a club, must have been fear that he was about to receive serious injury at the hands of

his assailant. The instruction does not leave for the determination of the jury the question as to whether the defendant acted in necessary self-defense.

The defendant may not complain of the failure to give that instruction, for the prosecution, under no circumstances, asked that the defendant be convicted of a lesser offense. Moreover, the jury and the trial court evidently believed that he did take from the prosecuting witness $70 in cash, by means of force and fear. The evidence supports that conclusion. It has been uniformly held that a defendant may not complain of erroneous instructions or of the refusal to give to the jury instructions where the verdict clearly shows that he was not prejudiced thereby.

It has also been held that when one has been convicted of a higher crime he may not complain of erroneous instructions which were given to the jury upon a lesser offense included within the one of which he was convicted. In 17 Corpus Juris 348, section 3705, it is said in that regard:

"It is also generally held that if defendant is acquitted of a lower and convicted of a higher degree of crime, error in instructing as to the former is harmless."

In accordance with the foregoing principle of law, the case of *People* v. *Riley*, 65 Cal. 107 [3 Pac. 413], holds that a defendant who was charged with and convicted of the crime of robbery may not complain of erroneous instructions which were given to the jury regarding the lesser offense of larceny, which was contained therein, provided the jury was properly instructed on the subject of robbery. The Riley decision has never been modified in subsequent California authorities. It is a sound declaration of law with respect to that principle.

The case of *People* v. *Foss, supra,* upon which the appellant relies, is not in conflict with the Riley case. It is true that case was reversed on account of erroneous instructions regarding a lesser offense which was included within the charge of robbery. But the court distinctly said there was absolutely no evidence in the record in that case showing that the defendant took from the prosecuting witness any money or property. Since there was no evidence to support the charge of robbery, it necessarily followed that error in instructing the jury upon the only offense included therein, which the evidence did support, would result in a reversal. The court said:

"To constitute the crime of robbery there must be a felonious taking of personal property (Sec. 211, Penal Code); but the evidence in this case wholly fails to show any taking. . . . In view of the total lack of evidence as to any taking of personal property, no instructions as to larceny were necessary."

The jury was fully and fairly instructed on every essential element of the crime of robbery and of the lesser offenses included therein. The defendant was not prejudiced by the refusal to give the instruction in question. There appears to have been no miscarriage of justice in this case.

The judgment and the order are affirmed.

Schottky, J. pro tem., and Adams, P. J., concurred.