[Crim. No. 2294. First Dist., Div. Two. July 24, 1944.]

THE PEOPLE, Respondent, v. ROSCOE LONG, Appellant.

Willard W. Shea, Public Defender, for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

STURTEVANT, J.—The district attorney filed an information charging the defendants Roscoe Long and Lovell Barclay with the crime of robbery. Separately they entered pleas of not guilty. They were tried together. Both were found guilty of robbery in the second degree, each made a motion for a new trial, the motions were denied, and the defendant Long has appealed.

The facts as stated by the attorney general are as follows. Jacob Gensburg, an employee of the Moore Shipyard, resides at 715 Myrtle Street, between 7th and 8th Streets, in Oakland, California. On the night of June 4, 1943, about 10:05 p. m., he left his place of abode and visited a bar on the northwest corner of 7th and Market Streets in said city, where he ordered and consumed a bottle of beer. Both defendants, whom he knew by sight, were at said bar at the time. He left the bar for his room about 11:20 p. m. and walked west on 7th Street to Myrtle. While walking down 7th Street he looked behind him and observed the defendants walking in his direction, apparently following him. Arriving at the northeast corner of Myrtle and 7th Streets, he crossed over Myrtle diagonally in a northwesterly direction in line with the place where he lived. As he approached the curb of the sidewalk in front of said place, the defendants set upon him, threw him to the pavement and took from him by force and violence a wallet containing $10, a red-handled pocket knife, and other articles of personal property, the latter of which were not made a part of the charge. The defendants upon securing said personal property broke away from the complaining witness who had clung to the jacket of the defendant Long, tearing or ripping it. Upon breaking away from the complaining witness the defendants ran up Myrtle Street in a northerly direction towards 8th Street, the defendant Long in the lead. The defendant Barclay disappeared within the block, which was later found to be 731½ Myrtle Street, and the defendant Long continued his flight to 8th Street, where he turned to his left down 8th Street to Filbert, and down Filbert to 7th, and then in an easterly direction to 7th Street, back to the corner of 7th and Myrtle, where he was apprehended by the police

and placed under arrest, as was the complaining witness, the latter for intoxication.

Gene Viola, the owner of a liquor store at the northwest corner of Myrtle and 7th Streets, had returned to his store about 11:30 p. m. of said night to get his car, which had been parked in front of his store on Myrtle facing 8th Street earlier in the evening; he had just returned from a wrestling match he had witnessed. He had stopped at the drugstore on the northeast corner of 7th and Myrtle, purchased a newspaper, and crossed the street corner to his car, which he entered. Upon switching his lights on he observed the defendant Long and the complaining witness, who appeared to be fighting or wrestling. He called to them and inquired "What is going on here?", when the defendant Long replied "This guy is trying to rob me." The complaining witness spoke up and said "You stole my wallet and my keys." The witness then testified that Long broke loose and ran up Myrtle Street from 7th to 8th, west on 8th, south on Filbert and east on 7th, back to the northwest corner of 7th and Myrtle. Viola, riding in his car, followed him around the block. When Viola returned to 7th and Myrtle, several officers were at the scene of the robbery talking to the complaining witness. Viola pointed to the defendant Long and said to the officers "Here is the man you are looking for." The police officers then took appellant Long into custody. They searched him and found on his person a razor and the knife with the red handle, the property of the complaining witness. Viola did not recall seeing Barclay.

Alford, an officer in the Oakland Police Department, was on special duty that night with Officer Lilienthal. They cruised about the district in a police car and came upon the scene. They heard the complaining witness shout he was robbed and wanted to go to his room. The defendant Long had returned to 7th and Myrtle and was walking at a fast pace east on the north side of 7th Street just east of the northerly curb of Myrtle, when Viola returned after following the defendant about the block and directed the attention of the officers to Long as one of the holdup men. Long crossed the street, practically running, when the officers placed him in custody and took from his person the razor and the red-handled knife, which Long resisted. Long was acting in a

very high state, he refused to meet the demands and requests of the officers. He tried to pull away from them and refused to answer their questions. His eyes were rolling. He had the appearance of a man intoxicated, although there was no odor of liquor upon his breath to any extent. He appeared to be under the influence of drugs. Gensburg was bleeding on the left side of the face, around the ear, and from lacerated lips received by him when thrown against a tree by Long. When he saw the knife the officers took from Long he claimed it as his property and demanded of him the return of his money and keys in the presence of said officers, to which Long made no answer. Long was taken to the City Hall, where he gave his address as Room 4, Sather Hotel, which proved to be the room of a white man and which Long had shared with him for several weeks without the knowledge of the hotel management. The Sather Hotel is situated at 918-7th Street. Long was taken from the City Hall to the Sather Hotel by the officers and on the way to the hotel he told the officers he and "Frisco" (Barclay) robbed Gensburg and after the robbery ran up Myrtle Street to 8th, Barclay to the place where he lived at 731½ Myrtle within the block, Long around the block, as indicated. From the Sather Hotel the officers took Long to Barclay's basement apartment at the address indicated, after midnight, between 1 a. m. and 2 a. m., where they found a young lady by the name of Eula Thompson with him. Long's testimony was similar to that of Alford.

The defendant also states the facts. In his statement he claims that Jacob Gensburg accused him of having possession of his keys and wallet and proceeded to tussle with him. That in the tussle Gensburg drew out his knife and the defendant in the struggle got possession of it and retained it to protect himself. In other words the prosecution claimed the defendants assaulted Gensburg, whereas the defendant Long claimed that Gensburg assaulted him.

In instructing the jury the trial court gave no instruction regarding an assault. The defendant requested an instruction as follows: "If you believe from the evidence that the witness Gensburg attempted to strike the defendant Long with a knife and that the defendant Long took the knife and nothing more, without any intention of stealing it, but only for the purpose of disarming Gensburg, then he would not be guilty of robbery." (*People* v. *Sheasbey,* 82 Cal.App. 459,

463 [255 P. 836].) The trial court refused to give it. The defendant claims that refusal was error. We think not. The record discloses there were two different fights. The first was disclosed by the testimony of the complaining witness Gensburg who testified that Long and Barclay overtook, assaulted him, and robbed him. After that act was completed Gensburg testified that as he got up he grabbed and tussled with the defendant Long. That was the second assault. It was in that second assault that the defendant claimed he took from Gensburg the knife and did so to protect himself from being injured. The requested instruction, if given, would have applied to the second assault only, and would have directed the jury to find that no robbery had been committed. The proposed instruction was confusing and the trial court did not err in refusing to give it. (*People* v. *Driscoll*, 53 Cal.App.2d 590 [128 P.2d 382].)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing was denied August 8, 1944.