[Crim. No. 2353.   First Dist., Div. Two.   Dec. 31, 1945.]

THE PEOPLE, Respondent, v. JAMES DUNCAN et al.,
Appellants.

Edward Dienstag for Appellants.

Robert W. Kenny, Attorney General, David K. Lener and Miriam E. Wolff, Deputies Attorney General, Edmund G. Brown, District Attorney, and Andrew J. Eyman, Assistant District Attorney, for Respondent.

GOODELL, J.—The appellant Barrett Corbett was accused by information of assault with intent to commit robbery upon the person of George E. Turner.

The appellant James Duncan was accused by information of assault with a deadly weapon upon the person of Henry M. Solum.

Both defendants pleaded not guilty. By stipulation the cases were consolidated and trial by jury was waived. The court found each of the defendants guilty of an assault with a deadly weapon, denied them probation, and sentenced each to serve nine months in the county jail.

The testimony of the two prosecuting witnesses and that on the side of the appellants presents a wide conflict as to the character of the altercation out of which this prosecution arose.

The following testimony appears without contradiction: On Friday, January 22, 1944, close to 12 midnight, the appellant Duncan was driving his Chrysler sedan easterly on Haight Street in San Francisco. Seated on his right was his wife, and on her right sat the appellant Corbett. On the curb on the south side of Haight Street stood Turner and Solum, looking for transportation down town where they lived. Duncan pulled up and they got into the rear seat. Whether they got in at Fillmore or at Buchanan Street, or at some street between is not clearly shown, but it is not material. After they had gone two or three blocks the altercation started. After it was over and the car containing its original occupants had left, a bystander gave the license number to Turner and Solum,

who gave it to the police when they made their complaint; the police communicated with the motor vehicle department and got the address to which the license had issued, and when, around 2 a. m. of the 23d, the Chrysler drove up to that place two police officers were waiting there and arrested both appellants.

The two versions split on what happened after Turner and Solum got into the car. They testified that after they had reached about Octavia and Haight Streets, Corbett identified by them as "the big fellow," covered them with a gun and told them to "get out"; that one of the appellants, apparently Corbett, then began "feeling around" (presumably searching) and went through Turner's billfold but found no money in it; that nothing was taken from his person, but a gun was kept pointed at him while this was going on. Meanwhile Duncan was hitting Solum over the head with some kind of an instrument which appeared to be a blackjack or a piece of pipe; every time Solum would get up from the ground he would be again knocked to the pavement by Duncan, and when it was over Solum was pretty bloody. Turner testified that he was hit on the back of the head with some kind of a weapon which raised a bump on his head. He could not say just what the weapon was.

The testimony of the appellants was that the two men were invited into the car because Duncan thought they were service men; and that when it was found that they were not he, Duncan, asked them why they were not in the service and Solum answered that it was "none of their damn business"; that when they were asked where they were going they answered to Fourth and Howard Streets, and when told that the Chrysler party was going only to Haight and Market Streets, Solum, with profanity, told them to take him and Turner down to their destination anyway; whereupon Duncan said they didn't have to take that, and ordered them out of the car. When they got to the sidewalk they had further words and Duncan and Solum got into a fight. Corbett testified that he remained seated in the car with Mrs. Duncan until he saw Turner go over toward the other two, whereupon he went over to Turner, grabbed him by the arm, violently spun him around, headed him down the hill, and told him not to come back. Both appellants denied the possession or use of a gun or any other weapon, and a search of them and of the car by the officers disclosed no gun, blackjack, pipe, or other weapon.

Both appellants testified to the same effect, and it was stipulated that Mrs. Duncan if called would do likewise. Both appellants and both prosecuting witnesses admitted that before they had met they had done considerable drinking. Duncan on cross-examination admitted that he had once been convicted of burglary. The broad question presented to the trial court was whether this affray was an assault and battery with a deadly weapon or weapons, or just another brawl or fist fight.

The appellant Corbett's contention that it was error for the trial court to find him guilty of assault with a deadly weapon when the information charged him with assault with intent to commit robbery is without merit. The Penal Code, section 1159 specifically provides that the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged. Thus when the evidence warrants, a defendant charged with robbery may be found guilty either of simple assault or assault with a deadly weapon. A defendant on trial for robbery is entitled to have the jury instructed that it may find him guilty of either of these lesser offenses which may be included within the charge of robbery. (*People* v. *Foss,* 85 Cal.App. 269 [259 P. 123] ; *People* v. *Driscoll,* 53 Cal.App.2d 590 [128 P.2d 382] and cases cited.) As the offense of assault with a deadly weapon may be included in the offense of robbery, so may it also be included in the offense of assault with intent to commit robbery. A defendant charged with assault with intent to commit robbery under Penal Code, section 220 may properly be found guilty of assault with a deadly weapon, as was Corbett here, so long as the evidence supports his conviction. (3 Cal.Jur. 224, 225.)

Both appellants, however, ask that this court set aside the judgments of the lower court on the ground of insufficient evidence to support the charges against them. It is true that the evidence presented to the trial court was conflicting in many respects, both as to the character of the altercation and as to the parties involved in the respective disputes. It was the function of the trial court to resolve these conflicts. No authority need be cited on the point that an appellate court may not question the determination of the trial court which resolved such conflicts against the defendants herein.

The prosecuting witnesses are agreed that appellant Corbett covered both of them with a gun and ordered them

out of the automobile, stating that appellants wanted money. Whether Corbett subsequently engaged in an altercation with Solum rather than with Turner, as he urges on appeal, is not material. His conduct prior thereto was sufficient to establish the offense of assault with a deadly weapon. From the fact that he drew a gun, coupled with his demand, the court could properly imply that he had the requisite intent to use the weapon if the prosecuting witnesses failed to comply. (*People* v. *McMakin*, 8 Cal. 547; *People* v. *McCoy*, 25 Cal.2d 177 [153 P.2d 315].)

So far as appellant Duncan is concerned, it appears that after the parties stepped out of the automobile he struck complainant Solum several times with an instrument which Solum identified as a blackjack, knocking him to the pavement several times. Duncan admits an altercation with Solum. There can be no quarrel with the conclusion that a blackjack is a deadly weapon. (Pen. Code, § 3024.)

The facts affirmatively established were sufficient to warrant the conclusion of the court that in each instance, as to each appellant, there was an assault with a deadly weapon. They were not negatived by the fact that the subsequent search of the automobile and of the appellants themselves by police officers failed to disclose a gun, blackjack, pipe, or other weapon.

The judgments are affirmed.

Nourse, P. J., and Dooling, J., concurred.