THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN GÓMEZ TORRES, known as "MONARCA", Defendant and Appellant.

No. 14866.   Argued November 6, 1950.—Decided November 8, 1950.

*Luisa María Capó* and *Yamil Galib Frangie* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Frank Vizcarrondo Vivas, Assistant Fiscal,* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The appellant and Juan Lugo Hernández [1] were accused of the crime of robbery consisting in the voluntary and malicious taking of the sum of $10 and a fountain pen from the person of Rafael Collazo Ortiz in his immediate presence, against his will and *by means of force.*

The appellant was convicted of aggravated assault and battery and sentenced to six months in jail. On appeal he contends: (*a*) that the crime of aggravated assault and battery is not included within the crime of robbery; and (*b*) that assuming it were, the judgment should be reversed because it was not alleged in the information nor did the evidence show any of the circumstances making the crime aggravated assault and battery.

Section 238 of the Penal Code defines the crime of robbery as follows:

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished *by means of force* or fear." (Italics ours.)

In accordance with the quoted Section, it is an essential requisite that the crime of robbery be accomplished by means of force or fear. Violence implies the use of force, that is, aggression. Consequently, when it is alleged in the information, as in the present case, that the taking was accom-

---

[1] Defendants requested separate trials. They were tried by the court which convicted Juan Lugo Hernández of aggravated assault and battery and sentenced him to pay a fine of $100.

plished by force, the crime of assault and battery in one of its two degrees is necessarily included within that of robbery. *People* v. *Foss*, 259 P. 123 (Cal. 1927); *People* v. *Allie*, 184 N. W. 423 (Mich. 1921). And as it appeared from the evidence that defendant attacked Collazo with his fists but it was not shown beyond a reasonable doubt that there was any taking or that defendant upon making the assault did so with the intention of taking any property from the injured party, the crime actually committed was that of assault and battery in either one of its two degrees. Under such circumstances, it was the court's duty, in accordance with § 286 of the Code of Criminal Procedure,[2] to convict defendant of the lesser crime included within the offense alleged in the information. But appellant sustains, as we have seen, that the judgment for aggravated assault and battery does not lie because the aggravating circumstance was neither alleged nor proved.

■■ In *People* v. *Fonseca*, 62 P.R.R. 413, we said that the phrase "serious bodily injury" which appears in the English text of footnote 7, § 6 of the Assault and Battery Act was incorrectly translated in the Spanish text and that its translation should be *"grave daño corporal"*; and following the cases from Texas, from whose statute the Act was taken, we established in the same case the scope of the phrase "serious bodily injury" in the sense that the injury must be attended with danger or give rise to apprehension. Merely because the person injured was semi-conscious for half an hour and bled through an ear, the trial judge could not take judicial notice that serious bodily injury was inflicted on him in order to conclude beyond a reasonable doubt that the defendant was guilty of aggravated assault and battery.

---

[2] Section 286 of the Code of Criminal Procedure, in its pertinent part, provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

This case differs from *People* v. *Malavé*, 64 P.R.R. 629, where the nature of the injury received—the fracture of the skull—in itself showed that serious bodily injury had been inflicted upon the person assaulted.

For the reasons stated, the degree of the crime should be reduced to simple assault and battery and the sentence to a fine of $50 and costs or one day in jail for each dollar not paid. As modified the judgment will be affirmed.