[Crim. No. 3786.   Second Dist., Div. Two.   June 1, 1944.]

THE PEOPLE, Respondent, v. R. E. TONEY, Appellant.

Maurice A. Gleason for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

WOOD (W. J.), J.—Defendant was convicted on three counts of an information charging lewd and lascivious conduct upon the private parts of two girls, 9 and 10 years old; and on two counts charging attempt to commit rape on one of the girls. He has appealed from the judgments and from the order denying his motion for a new trial.

The only contention now made by defendant is that "the evidence is so highly improbable that it amounts to no evidence at all." In support of this contention defendant points to the fact that, according to the testimony of one of the girls, defendant's ten-year-old adopted daughter was in the room at the time of the commission of the acts in question and was also similarly mistreated by defendant; and that defendant's wife was in the adjoining bedroom, the door being open. Defendant's wife and his adopted daughter both gave testimony in conflict with the testimony of the complaining witness.

The testimony of the two complaining witnesses was sufficient to establish the guilt of defendant and it was the duty of the trial judge, who heard the evidence without a jury, to resolve conflicts in the testimony. It cannot be ruled as a matter of law that the findings of the trial judge are not supported by substantial evidence or that the statements of the complaining witnesses are so highly improbable as to call for a reversal of the judgment.

The judgments and the order denying a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.