[Crim. No. 1901. Third Dist. May 21, 1945.]

THE PEOPLE, Respondent, v. HARRY PACK, Appellant.

Roy Daily for Appellant.

Robert W. Kenny, Attorney General, James O. Reavis, Deputy Attorney General, for Respondent.

ADAMS, P. J.—An information filed in this case charged defendant in four counts with four different acts of sexual intercourse with a girl aged thirteen years who was not his wife. He was found guilty on all counts, the verdicts recommending imprisonment in the state prison. After judgment defendant filed a motion for a new trial, which was denied. On this appeal he contends that the trial court erred in its instruction to the jury which prevented it from exercising an untrammeled discretion in fixing the punishment to be inflicted upon the defendant in the event they found him guilty; that the trial court erred in refusing defendant the right to cross-examine the prosecuting witness, allegedly for the purpose of determining whether any promises had been made to her by the arresting officers and prosecuting attorney to induce her to testify favorably for the prosecution; that the verdict is unsupported by and is contrary to the evidence because the testimony of the prosecuting witness is inherently improbable; that the trial court erred in denying defendant's motion for a new trial; that it erred in not giving certain cautionary instructions requested by defendant; and that it erred in permitting the introduction in evidence of a photograph, Plaintiff's Exhibit No. 4.

Regarding the first of the foregoing assignments of error, the record shows that after the jury had retired to con-

sider the evidence it was returned into court at its request, whereupon the following transpired in the presence of defendant and his counsel, Mr. Bowers:

"THE COURT: The Court understands you have a question.

JURY FOREMAN: Yes sir, as foreman of the jury, the jurors would like to have me ask you these following questions: First, the minimum and the maximum sentence in the county jail, if it is in order for us to know that; also, the next maximum sentence,—

THE COURT: Just a minute: On the first question, have counsel any objection to the court answering that question? You know the answer as well as I do. Have you any objections to my answering the question?

MR. BOWERS: No.

MR. TINDALL: I haven't any objection.

THE COURT: The length of sentence in either the county jail or in the state penitentiary is no concern of the jury.

JURY FOREMAN: OK, to the other question, that eliminates three questions. The other question, is, on the four counts, are the sentences concurrently or separately, or is it none of our business?

THE COURT: May I answer that? That is for the court to say.

JURY FOREMAN: OK, that's all."

It is urged before this court that the trial court should have read section 264 of the Penal Code[1] to the jury, and that had this been done "they would have had an opportunity to exercise an untrammeled discretion in inflicting the lighter sentence"—that is, a jail sentence. There are several answers to this contention. In the first place, the trial court had already instructed the jurors that in the event they should find the defendant guilty they should recommend in their verdict whether punishment should be by imprisonment in the county jail or in the state prison, and verdicts providing for recom-

---

[1] "Rape is punishable by imprisonment in the state prison not more than fifty years, except where the offense is under subdivision one of section two hundred sixty-one of the Penal Code, in which case the punishment shall be either by imprisonment in the county jail for not more than one year or in the state prison for not more than fifty years, and in such case the jury shall recommend by their verdict whether the punishment shall be by imprisonment in the county jail or in the state prison; provided, that when the defendant pleads guilty of an offense under subdivision one of section 261 of the Penal Code the punishment shall be in the discretion of the trial court, either by imprisonment in the county jail for not more than one year or in the state prison for not more than fifty years."

mendations either way had been presented to them. In the second place, the record shows that defendant's counsel consented to the court's answering the questions asked by the jury, made no request that section 264 of the Penal Code be read to them, and made no objection to the answers given by the court. And in the third place, the court's advice to the jury that the length of the sentence was no concern of theirs was correct in point of law. (*People* v. *Lee,* 17 Cal. 76, 79; *People* v. *Lopez,* 210 Cal. 55, 58 [290 P. 582] ; *People* v. *Hoyt,* 20 Cal.2d 306, 317-318 [125 P.2d 29] ; *People* v. *Ramos,* 3 Cal. 2d 269, 272-273 [44 P.2d 301] ; *People* v. *Bruno,* 49 Cal.App. 372, 377 [193 P. 511].)

■ As to appellant's next contention, that his counsel was unduly limited in his cross-examination of the prosecuting witness in that he was not permitted to show that she had some motive in giving her testimony and was actuated by threats or promises made by the prosecuting authorities, or by hopes of reward, just what questions bearing upon this subject were asked of the witness and disallowed by the court appellant does not set forth in his brief, and we find nowhere in the record any restriction in this connection. We are asked to peruse pages 163 to 185 of the reporter's transcript and have done so, but nothing appears therein appertaining to cross-examination of the witness for the purpose of showing any promises, threats or inducements which might have affected the testimony of this witness. The aforementioned pages of the record contain argument between the court and counsel for the respective parties, as to whether the prosecuting witness was ''under arrest'' when she told the officers about defendant Pack, or was merely under detention by the juvenile authorities. The only portion of the record pointed out by appellant as showing error is that the court—in the absence of the jury—denied an offer of proof made by him as follows:

''Mr. Bowers: I want to make an offer of proof. I want to make an offer of proof at this time that the witness, complaining witness, prosecutrix, made no mention to the officers of any relationship with Pack until she had been placed in custody of the authorities, and until—and that she was placed in custody of the officers for another offense, and not any alleged offense of Pack, and that while she was in such custody, for the first time, she communicated to the officers her relationship with Pack, at least approximately a month after

the last of the alleged offenses charged against the defendant.

MR. SARGENT: To which the objection would be that the evidence offered is immaterial and irrelevant, outside the issues, and not proper cross examination under Section 2048 of the Code of Civil Procedure.

MR. BOWERS: As far as the cross examination, it is proper to go into the motives or mind of the witnesses any time on cross examination.

MR. SARGENT: That has nothing to do with motives.

MR. BOWERS: A man steals something, or doesn't steal something, is seen fleeing from the scene of the crime, it is a circumstance surrounding the commission.

THE COURT: The court refuses the offer of proof, and states that all except two points raised by counsel are already in evidence. The witness has testified that she made no complaint about this until after the proceedings in the juvenile court. She has stated that.

MR. BOWERS: Yes, but the jury may think she was brought into the juvenile court because of Pack, and that seems to me to be——

THE COURT: You have already the evidence. I don't see how any person could understand that, when she stated in her examination that, on your cross examination, that she made no complaint about Mr. Pack until after her, or until after her 'trial', as she calls it, in the juvenile court.''

This colloquy had been preceded by testimony as follows:

''Q. At the time you told the officers about Mr. Pack, you were under arrest, weren't you?

A. Yes.

Q. And what were you under arrest for?

A. I think it was for going out with boys. I was picked up with a soldier.

Q. What?

A. I was under arrest with a soldier.

Q. You were arrested with a soldier?

A. Yes.

MR. SARGENT: I don't believe the record will show she was ever arrested. There may have been a juvenile complaint; isn't that correct?

MR. TINDALL: That is right.

MR. SARGENT: Not a technical arrest.

MR. BOWERS: I don't care what this record shows. The question is whether or not she was, and what her——

THE COURT: I think the record shows she was made a ward of the juvenile court, but I don't think she was——

MR. TINDALL: She was never arrested.

THE COURT: ——she was what you would call arrested.

MR. TINDALL: I don't think the girl knows what an arrest means, as far as that goes.

MR. BOWERS: Q. You were, on the night of the 17th of June, at twenty-six minutes past twelve o'clock, in Woodbridge Park, in Roseville——

MR. TINDALL: To which we object.

MR. BOWERS: Q. ——arrested, weren't you?

MR. TINDALL: It has nothing to do with this case at all.

MR. BOWERS: It does. I am going to explain to the court why it does.''

It therefore appears that the only question to which objection was made had been previously answered in substance by the witness, in the presence of the jury. While appellant states in his brief that it was pertinent to ascertain whether or not the child had discussed the case with the district attorney's staff or the police officers concerned with the case, we are directed to nothing in the record showing that appellant was restricted in this behalf. On the contrary, she had already been interrogated, without objection, regarding conversations had by her with the district attorney and others. We find no merit in this alleged assignment of error.

As to the next contention of appellant that the testimony of the prosecuting witness is so inherently improbable as to constitute no evidence, we find it unnecessary to detail such evidence; but we find nothing therein that is inherently improbable. See *People* v. *Jackson,* 63 Cal.App.2d 586 [147 P.2d 94]; *People* v. *Toney,* 64 Cal.App.2d 675 [149 P.2d 189]. It cannot even be said that her testimony is unusual. Though defendant made categorical denials of same, and testified that he never even saw the prosecuting witness during the month in which the offenses charged were committed, this testimony was denied by other disinterested witnesses.

Regarding the contention of appellant that the trial court erred in not giving two instructions requested by defendant, the record shows that both of these instructions were given by the court except that the first was modified by the insertion of the words set forth in capital letters, and the second was modified by the insertion of the words in capitals and the omission of the portion in parenthesis:

"Ladies and Gentlemen: I instruct you that the information in this case charges the defendant with four separate and distinct offenses of rape, alleged to have been committed by him upon the person of [naming the prosecuting witness] on OR ABOUT the 8th day of May, 1944; on OR ABOUT the 16th day of May, 1944; on OR ABOUT the 22nd day of May, 1944; and on OR ABOUT the 24th day of May, 1944. Each count in the information charges a separate and distinct crime. Before you can lawfully find the defendant, Harry Pack, guilty of any specific offense charged, the prosecution must name, identify and prove that particular, specific offense to the satisfaction of each juror, beyond a reasonable doubt. If, after hearing and weighing all of the evidence in this case, any juror feels that the prosecution has not named, identified and proved the specific act charged in ANY COUNT OF the information, beyond a reasonable doubt, such juror should vote for a verdict of not guilty ON THAT COUNT."

"The Court instructs the jury that a charge of this nature is particularly difficult for a defendant to clear himself of. No charge can be more easily made and no charge is more difficult to disprove. By the very nature of the act charged, there are no witnesses to the commission of the act, except the parties involved, (you should weigh the evidence of the prosecutrix with caution.) If the jury finds any doubt as to the commission of any act alleged in the information, they are instructed to find for the defendant AS TO THAT ACT and acquit him OF THAT CHARGE OF WHICH SAID ACT IS A PART."

In addition to the foregoing the court elsewhere in its charge instructed:

"You can not, under the law, convict the defendant upon mere suspicion, however strong that suspicion appears to be. A charge of this nature is particularly difficult for a defendant to clear himself of. No charge can be more easily made, and none more difficult to disprove. From the nature of the case, the complaining witness and the defendant are generally the only witnesses. The law does not require in this character of case that the prosecuting witness be supported by another witness or other corroborating circumstances. It does require that you examine her testimony with caution."

It therefore appears that the jury was given a cautionary instruction not once but twice; and that the phrase deleted from the instruction tendered by defendant, that the testimony of the prosecuting witness should be examined with

caution, was given in the instruction last quoted. This was sufficient. (*People* v. *Jackson, supra.*)

The next ground for reversal relied upon by appellant is that the trial court erred in admitting in evidence plaintiff's Exhibit 4, it being urged that though the use of same was limited as for a map for illustration, it was taken October 21, 1944, while the offenses charged were committed in May of that year. There is no merit in this assignment of error. The exhibit was admitted subject to a motion to strike which motion was not made. It is a photograph showing the inside of defendant's garage. The prosecuting witness had testified that the acts with which defendant was charged had been committed in his home; that she had entered defendant's automobile in downtown Roseville, concealed herself in the back of the car which had then been driven by defendant to his home; that on arriving at this house defendant had driven the car into the garage and closed the garage doors, and that she had then entered the house through a window from the garage into the house. The exhibit was shown to the girl and she identified the window through which she had entered the house. There is no contention that there had been any change in the construction of the house between the time when the offenses had been committed and the time the photograph was taken. It was introduced for illustration, and was proper for that purpose. It was for the trial court to determine whether it was a correct representation of the scene, and its value was for the jury. (10 Cal.Jur. 896; 32 C.J.S. 611, 618-619; *People* v. *Singh,* 78 Cal.App. 476, 483 [248 P. 981]; *People* v. *Sliscovich,* 193 Cal. 544, 549-550 [226 P. 611].)

Appellant also asserts that the trial court erred in denying his motion for a new trial, but the grounds urged on that motion do not differ from those urged here.

The judgment and the order denying a new trial are affirmed.

Peek, J., and Thompson, J., concurred.

A petition for a rehearing was denied June 4, 1945, and appellant's petition for a hearing by the Supreme Court was denied June 18, 1945.