[Crim. No. 599. Second Appellate District.—March 14, 1918.]

In the Matter of the Application in Behalf of JOSE CORREA, for a Writ of Habeas Corpus.

PLAINT.—Under section 311 of the Penal Code, which provides that every person who willfully and lewdly exposes his person or the private parts thereof in any public place, or in any place where there are other persons to be offended or annoyed, is guilty of a misdemeanor, a complaint charging that the defendant at the time

and place named did "willfully and unlawfully expose his person,"
etc., fails to charge the offense, since it fails to allege that the acts
were done "lewdly."

APPLICATION for a Writ of Habeas Corpus originally
made to the District Court of Appeal for the Second Appel-
late District for discharge from custody under commitment
upon an alleged insufficient complaint.

The facts are stated in the opinion of the court.

N. D. Meyer, for Petitioner.

L. A. West, District Attorney, and Arthur E. Koepsel,
Deputy District Attorney, for Respondent.

THE COURT.—*Habeas corpus.* Jose Correa is in the cus-
tody of the sheriff of the county of Orange under a com-
mitment issued out of the justice's court of Anaheim Town-
ship, Orange County. In that court Correa was convicted
of an alleged misdemeanor pursuant to a complaint which
charged that the defendant at the time and place named did
"willfully and unlawfully expose his person," etc. It is
admitted that by the complaint it was attempted to charge
the offense described in section 311 of the Penal Code. That
section, so far as applicable to this case, is as follows: "Every
person who willfully and lewdly, either: One. Exposes his
person, or the private parts thereof, in any public place, or
in any place where there are present other persons to be
offended or annoyed thereby; . . . is guilty of a misde-
meanor."

It is manifest, upon an inspection of the complaint, that it
failed to charge the offense described in the statute. It was
not alleged that the acts described were done "lewdly," nor
were any words of equivalent meaning used in the complaint.
An essential element of the crime being thus omitted, the
complaint did not state a public offense.

It is ordered that the prisoner, the said Jose Correa, be
discharged from custody.