[Crim. No. 2338. Second Appellate District, Division One.—June 8, 1933.]

THE PEOPLE, Respondent, v. H. H. BRIERTON, Appellant.

J. E. Haley for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

HENDERSON, J., *pro tem.*—By a grand jury indictment of three counts the defendant was charged with the offense of forgery of indorsement and with two separate acts of grand theft. Count I charged him with forgery of indorsement of the name of Alta B. Vail to a certain draft or check in the sum of $1800.63 with the intent to defraud her and the Security First National Bank and the United States First National Bank of Los Angeles. Count II accused defendant of the theft of the $1800.63 represented by the said check from said United States First National Bank, and count III alleged that he stole the check itself from the said Alta B. Vail. He was convicted by a jury of the offenses charged in the first and third counts, but was acquitted as to the second. From these judgments of conviction and the order denying his motion for a new trial the defendant prosecutes this appeal.

The prosecution in order to support the various allegations of the indictment was required to rely upon the testimony of the prosecuting witness, Alta B. Brierton, the wife of the defendant. Her testimony, pertinent to the inquiry here, and which is somewhat unusual, discloses the following facts: At the times alleged in the indictment Mrs. Brierton, who was employed as a school-teacher under her maiden name of Alta B. Vail, and the defendant, were residing together in the city of Los Angeles. Although living under the same roof their relations were not cordial, and they infrequently dis-

cussed business and money matters. In August, 1930, she determined to close her account with the Security First National Bank, and received from it the said cashier's check in which she was designated payee by the name of Alta B. Vail. The check, which represented her own personal property acquired by inheritance, was placed by her in a closet of their home for safekeeping. Several weeks later upon the discovery of its disappearance and after a thorough search over a course of several days, she notified the bank of that fact and requested it to investigate the matter. She neither gave the check to defendant nor authorized him to indorse her name thereto. Nor was the defendant given permission to use the money represented by the check, and no part of its proceeds were, to her knowledge, ever turned over to her at any time by him. Also, she testified that during the fall and winter of 1930, "he never gave me any money".

It is undisputed that the defendant took the check, and during the month of October, 1930, upon indorsing his wife's name to the same, he deposited it to his own credit in an account with the United States Bank, from whence the money so derived was disbursed by him. The check or draft was received in due course and paid by the Security First National Bank, which was compelled to reimburse Mrs. Brierton for its value by reason of the alleged false indorsement.

The defense of the defendant was that his wife agreed to allow him to cash the draft and use the proceeds in the purchase of a sales contract for a shaving preparation. While the defendant was on the stand, and during his direct examination, his counsel asked him the following question: "For what purpose did you use that money?" The court sustained a general objection by the prosecution to this question. Thereafter defendant's counsel made the following offer of proof: "At this time I make an offer to show by this witness, by this question, that he thereafter disbursed the money he had on account for living expenses and for certain moneys which he turned over to Mrs. Brierton," to which the prosecution's general objection was likewise sustained. The appellant claims that these rulings constituted prejudicial error.

The theory of defendant's question and offer was that the proof so offered would indicate an absence of the felonious intent required to constitute either the crime of

forgery (*People* v. *Turner*, 113 Cal. 278 [45 Pac. 331]), or of grand theft (*People* v. *Eastman*, 77 Cal. 171 [19 Pac. 266]). The rulings excepted to were prejudicial. "A witness may be examined as to the intent with which he did a certain act, when that intent is a material thing in the action." (*People* v. *Morley*, 89 Cal. App. 451, 457 [265 Pac. 276, 279], citing cases.)

The defendant, on cross-examination, testified, however, that $1,000 of the check was required and used in his business, and to the question next asked: "And you kept on using the balance for household expenses?" He answered: "Yes."

But even if the court erred in the exclusion of the testimony relative to the disbursement for living expenses on his direct examination, such error was rendered harmless where the same evidence was fully covered by the cross-examination of the defendant above quoted. (*People* v. *Singh*, 78 Cal. App. 476 [248 Pac. 981].)

■ The evidence tendered by defendant, however, that he gave a portion of the proceeds of the check to his wife was not covered by other testimony, and consequently its exclusion does not come within the saving grace of the rule first announced in *People* v. *Singh, supra.* The erroneous ruling of the trial court debarred the defendant from fully proving his defense by depriving him of the right to completely overcome the inference of the felonious intent established by his wife's testimony. It also prevented him from contradicting her statement that, during the period in question, he never gave his wife *any* money. The effect of such an explanation might have turned the scale and led the jury to acquit the defendant of the remaining offenses charged in the information, the gravaman of which affects the property of his spouse alone. For the foregoing reasons, we are of the opinion that the court's refusal to permit the defendant to introduce the evidence so offered constituted reversible error. (*People* v. *Blake*, 65 Cal. 275 [4 Pac. 1]; *People* v. *Morley, supra.*)

We find no other error in the record, but for the error above stated, the judgment is reversed, and the cause remanded for a new trial.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 7, 1933.

Seawell, J., dissented.