[S. F. No. 18428.   In Bank.   Oct. 17, 1952.]

RUSSELL A. FRASER, Petitioner v. THE REGENTS
OF THE UNIVERSITY OF CALIFORNIA et al.,
Respondents.

Wirin, Rissman & Okrand, A. L. Wirin, Fred Okrand and
Nanette Dembitz for Petitioner.

Calkins, Hall, Conard & Johnson, Jno. U. Calkins, Jr., A. H.
Conard and John E. Landon for Respondents.

GIBSON, C. J.—Petitioner brought this original proceeding
in mandamus to compel respondents to reinstate him to the
position of instructor at the University of California and to
pay him compensation in accordance with the terms of his
contract of employment.   Respondents' return to the alternative writ was by demurrer and answer.   Inasmuch as we
have concluded that the demurrer must be sustained, it is
unnecessary to give any consideration to the issues of fact
raised by the answer.

Petitioner alleges that he was discharged from his position as instructor because of his failure to execute the oath
required by sections 3100-3109 of the Government Code,
known commonly as the Levering Act.   (Stats. 1951 [3d Ex.
Sess. 1950, ch. 7], p. 15.) At the time of his appointment for
the academic year July 1, 1950, to June 30, 1951, petitioner
as required by sections 18150 et seq. of the Government Code,

took an oath identical to that prescribed in section 3 of article XX of the state Constitution. In addition, he signed the regents' declaration relating to loyalty which has been held invalid in *Tolman* v. *Underhill, ante,* p. 708 [249 P.2d 280]. After the effective date of the Levering Act, October 3, 1950, petitioner refused to take the oath prescribed therein for all public employees, and he alleges that he was discharged on December 31, 1950.

The constitutionality of the Levering Act was sustained in *Pockman* v. *Leonard, ante,* p. 676 [249 P.2d 267]. With reference to the applicabiilty of such legislation to university employees, we held in *Tolman* v. *Underhill, ante,* p. 708 [249 P.2d 280], that the loyalty of teachers at the university is a matter of general statewide concern, and that sections 18150 et seq. of the Government Code, requiring all state employees to take an oath identical with that prescribed by our state Constitution, applied to members of the faculty of the university. ■ The Levering Act in effect supersedes sections 18150 et seq. and expressly provides that compliance with its terms shall, as to state employees, be deemed full compliance with those sections. (Gov. Code, § 3106.) Accordingly, there can be no question that the act is applicable to university employees, and the language and purpose of the statute, together with the reasoning of our decision in *Tolman* v. *Underhill,* make it evident that the act fully occupies the field of legislation on the subject of loyalty oaths for public employees. (*Bowen* v. *County of Los Angeles, ante,* p. 714, 715 [249 P.2d 285].) The oath prescribed by the Levering Act is, therefore, the only oath or declaration of loyalty which may now be required of teachers at the university as a condition of their employment. Since petitioner refused to take that oath, he is not entitled to reinstatement.

The demurrer is sustained, the alternative writ is discharged, and the peremptory writ is denied.

Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

For the reasons stated in my dissenting opinion in *Pockman* v. *Leonard,* this day filed, *ante,* p. 688 [249 P.2d 267], I would issue a writ of mandate as prayed for in the petition.

Petitioner's application for a rehearing was denied November 14, 1952. Carter, J., was of the opinion that the petition should be granted.