[L. A. No. 22012.   In Bank.   Oct. 17, 1952.]

MARJORIE A. BOWEN, Petitioner, v. COUNTY OF LOS ANGELES et al., Respondents.

Wirin, Rissman & Okrand, A. L. Wirin, Fred Okrand, Richard W. Petherbridge and Nanette Dembitz for Petitioner.

Harold W. Kennedy, County Counsel, Gerald G. Kelly, Assistant County Counsel and Robert L. Trapp, Deputy County Counsel, for Respondents.

GIBSON, C. J.—Petitioner, a Los Angeles County civil service employee, was discharged because she refused to sign the oath required of all public employees by the Levering Act (Gov. Code, §§ 3100-3109), and she has brought this original proceeding in mandamus seeking reinstatement and payment of compensation which was withheld following her suspension.

Before the Levering Act went into effect, petitioner executed an oath almost identical with that prescribed in section 3 of article XX of the state Constitution, and she also took the oath and made the affidavits required by the board of supervisors of Los Angeles County.*   Thereafter she was directed

*See *Hirschman* v. *County of Los Angeles, ante,* p. 698 [249 P.2d 287].

by her superior to take the oath prescribed by the Levering Act, and upon her refusal to do so she was suspended without pay as of October 30 and was discharged on November 29, 1950.

Nearly all of the questions raised by petitioner with respect to the constitutionality and application of the Levering Act have been answered adversely to her in *Pockman* v *Leonard,* *ante,* p. 676 [249 P.2d 267]. She makes two additional contentions, however, with respect to asserted conflicts between the act and the provisions of the Los Angeles County Charter.
■ The first of these, namely that the oath requirement violates section 41 of the charter,* falls by reason of our holding in the Pockman case, *ante,* at p. 686, that the Levering oath does not constitute a religious or political test.

■ Secondly, petitioner contends that the Levering Act is inapplicable to her because, she asserts, the power to regulate the qualifications of county employees is governed exclusively by the provisions of the Los Angeles County Charter adopted pursuant to section 7½ of article XI of the state Constitution which authorizes county charters to provide for the regulation by boards of supervisors of the appointment, duties, qualifications and compensation of county employees. Under the charter the board of supervisors is empowered to provide for the appointment and compensation of county employees, a civil service system is set up, and the power to prescribe rules for the classified service is vested in a county commission. (L.A. County Charter, §§ 11, 34.) There is nothing in section 7½, however, which can be construed as in any way limiting the authority of the Legislature to make regulations under its police power concerning the loyalty of persons in the service of the state and its political subdivisions. We held in *Pockman* v. *Leonard, ante,* pp. 676, 686 [249 P.2d 267], that the Levering Act was adopted by the Legislature in the exercise of its police power, and there can be no doubt that the loyalty of county employees is not exclusively a local affair but is a matter of general statewide concern.

It follows that the Levering Act is applicable to employees of Los Angeles County, and it is evident from the language and purpose of the act that it fully occupies the field of legislation on the subject of loyalty oaths for public employees. (*Cf. Fraser* v. *Regents of University of Califor-*

---

*Section 41 provides: "No person in the [county] classified service, or seeking admission thereto, shall be appointed, reduced or removed or in any way favored or discriminated against because of his political or religious opinions or affiliations."

*nia, post,* p. 717 [249 P.2d 283]; *Tolman* v. *Underhill, ante,* p. 708 [249 P.2d 280].) The act establishes a general and detailed plan with uniform standards for all public employees, and, as we have held in the Tolman case, *ante,* at p. 713, with respect to earlier statutes the act precludes the imposition of supplementary local requirements. The oath prescribed by the Levering Act is, therefore, the only oath or declaration relating to loyalty which may now be required of Los Angeles County employees as a condition of their employment. (*Cf. Fraser* v. *Regents of University of California, post,* pp. 717, 718 [249 P.2d 283].)

Since petitioner refused to execute the Levering oath, she is not entitled to reinstatement. She is, however, entitled to compensation for services rendered up to and including 30 days following October 3, 1950, the effective date of the Levering Act. (*Pockman* v. *Leonard, ante,* pp. 676, 688 [249 P.2d 267].)

Petitioner's application for a writ directing her reinstatement as a civil service employee is denied. Let a writ of mandate issue for the limited purpose of directing payment of petitioner's salary up to and including 30 days after October 3, 1950.

Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

For the reasons stated in my dissenting opinion in *Pockman* v. *Leonard,* this day filed, *ante,* p. 688 [249 P.2d 267], I would issue a writ of mandate as prayed for in the petition.

Petitioner's application for a rehearing was denied November 14, 1952. Carter, J., was of the opinion that the petition should be granted.