SWAIN, J.
I dissent.
The Legislature by Penal Code, section 311, subdivision 3, has occupied the field of selling and keeping for sale an obscene or indecent book. Therefore, under article XI, section 11 of the Constitution of California, that portion of section 41.01.1 of the Los Angeles Municipal Code (Ord. No. 77,000) is void which attempts to make it a misdemeanor for a person to have in his possession an obscene and indecent book in a place of business where books etc. are sold or kept for sale. The evidence is undisputed that Smith was the proprietor of a book store in the city of Los Angeles and that he sold and kept for sale the books in question at his store.
The evidence proves a violation of the state law as well as a violation of the ordinance. The problem thus posed is by no *Supp. 868 means merely academic. A defendant is not guilty of violating Penal Code, section 311, unless he had knowledge of the character of the material. People v. Wepplo, supra (1947), 78 Cal.App.2d Supp. 959, 964 [178 P.2d 853]. To the word “knowledge” we would add “or notice,” meaning thereby knowledge of facts which would have put a reasonable and prudent man on inquiry as to the contents of the materials. To appear profound, we refer to this knowledge or notice as “scienter.” Under the city ordinance the prosecution does not have to prove scienter; under the Penal Code section, it does. This is true because the city ordinance uses the words “wilfully and unlawfully,” whereas Penal Code, section 311, uses the worcls “wilfully and lewdly.” This interpretation and distinction is pointed out in People v. Wepplo, supra (1947), 78 Cal.App.2d Supp. 959, 963 et seq. The state law has occupied the field of selling and keeping for sale, an obscene writing, paper or book. To sell it and keep it for sale, the defendant had the book in his possession at his store. The city cannot deprive him of the defense of “no scienter” by charging him with possession under the ordinance. People v. Commons, supra (1944), 64 Cal.App.2d Supp. 925 [148 P.2d 724]; People v. Webb (1958), 158 Cal.App.2d 537 [323 P.2d 141]; the complaint did not state any violation of Penal Code, section 311, for it failed to charge that the defendant sold or offered for sale the book and magazine lewdly. In re Correa (1918), 36 Cal.App. 512, 513 [172 P. 615].
It is true as stated in the majority opinion that there is no declaration by the Legislature that it purports to cover the field. Such a declaration is not indispensable. The law as to occupation of the field by the state is well stated in 28 Opinions Attorney General 192 as follows:
“Where the State statute expressly sets forth an intention to completely occupy the whole field of regulation of the subject matter and actually implements such intention by providing for such regulation, local regulation of the same subject matter is prohibited (Pipoly v. Benson, 20 Cal.2d 366, 370 [125 P.2d 482, 147 A.L.R. 515]). On the other hand, the State statute may expressly provide that local regulations may supplement the general law. In such eases reasonable local ordinances imposing supplementary requirements may be enacted (Natural Milk Producers Assn. v. City & County of San Francisco, 20 Cal.2d 101, 110-111 [124 P.2d 25]; In re Iverson, 199 Cal. 582, 586-588 [250 P. 681]).
“If the State statute contains no outright declaration of *Supp. 869 intention with respect to local regulation, the determination ‘of the question whether the Legislature has undertaken to occupy exclusively a given field of legislation depends upon an analysis of the statute and a consideration of the facts and circumstances upon which it was intended to operate’ (Tolman v. Underhill, 39 Cal.2d 708, 712 [249 P.2d 280]).”
The question in Tolman v. Underhill, supra, was whether the Regents of the University of California could require from faculty members a more restrictive oath than that required by the state law in Government Code, sections 3100-3109. The court held they could not.
In Bowen v. County of Los Angeles (1952), 39 Cal.2d 714 [249 P.2d 285], the court held that the state had occupied the same field to the exclusion of an oath required by order of the Board of Supervisors.
It is obvious from a reading of Penal Code, section 311, subdivision 3, and the use of “lewdly” therein that the Legislature intended to give all proprietors of book stores throughout the State protection of the scienter rule. This is a wise and just provision because those proprietors customarily buy books from advertisements sent out by the publishers. Such dealers order books without an opportunity to read them in advance. I would reverse the judgment.