[Civ. No. 25302.   First Dist., Div. Four.   Nov. 26, 1968.]

CALIFORNIA STATE EMPLOYEES' ASSOCIATION et al., Plaintiffs and Appellants, v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, Defendant and Respondent.

Thomas T. Jordan, Wilmer W. Morse, and Robert H. Sharpe for Plaintiffs and Appellants.

, ·Thomas J. Cunningham, Donald L. Reidhaar and Warren S. Levin for Defendant and Respondent.

.CHRISTIAN, J.—The California State Employees' Association, and two of its members who are employees of the University of California, seek a declaration that University employees are entitled to require the University to make salary deductions for membership dues of the Association. We uphold the determination made by the lower court, in entering judgment for the Regents of the University on the pleadings, that the statute which empowers "State officers and employees" to direct the making of such deductions from their salaries does not apply to University employment.

Applicable portions of sections 1156, 1156.1, and 1157.3 of the Government Code are set out in the margin.[1] In summary, they provide that "State officers and employees" may authorize and direct the making of deductions from their

---

[1] "§ 1156. State officers and employees may authorize deductions to be made from their salaries or wages for the payment of:

. . . . . . . . . . .

"(c) Dues in any bona fide association if the association, or the unit thereof, is comprised principally of employees and former employees of agencies of the State of California.

"1156:1. For those state officers and employees under the uniform payroll system, the State Controller shall provide for the administration of payroll deductions for purposes set forth in Section 1156. For all other state officers and employees and for persons receiving allowances or benefits under other state retirement systems, the appropriate state officer

salaries for the purpose, among others, of paying dues in employee associations. The state Controller or other appropriate officer is then required to administer a payroll deduction system. "Employees of a public agency" may also authorize deductions for dues to an employee association. However, in the case of such an agency the appropriate officer need only administer such a system if the governing body so decides.

Appellants first contend that sections 1156 and 1156.1 unambiguously include employees of the University of California within their coverage. It is true that these sections refer to "state employees" and that the courts have held that for various purposes employees of the University of California are "state employees" (e.g. *Tolman* v. *Underhill* (1952) 39 Cal.2d 708 [249 P.2d 280]; *Fraser* v. *University of Cal.* (1952) 39 Cal.2d 717 [249 P.2d 283]).

But these statutes should be construed with reference to the whole system of law of which they form a part. (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640 [335 P.2d 672]; *J. T. Jenkins Co.* v. *County of Los Angeles* (1960) 178 Cal.App.2d 379 [2 Cal.Rptr. 852].) The meaning of certain words or phrases in a section of a statute may be limited or restricted by reference to surrounding statutes. (*People* v. *Pereles* (1932) 125 Cal.App.Supp. 787, 790 [12 P.2d 1093].)

Sections 1150 through 1157.5 of the Government Code (tit. I, div. 4, ch. 1, art. 6), dealing with salary deductions,

---

shall provide for such administration. The Controller and the other appropriate officers shall in administering payroll deductions:

"(a) Provide for determination of the additional cost involved in making deductions under subsections (c), (d) and (f) of Section 1156 and for the collection of such costs from the organization receiving the deductions. The amounts collected shall be deposited in the General Fund by the State Controller, or in another appropriate fund by the other officer or board.

"(b) Provide for an agreement from organizations receiving deductions to relieve the state, its officers and employees of any liability that may result from authorizations made under Section 1156.

"§ 1157.3. Employees, including retired employees, of a public agency *in addition to any other purposes authorized in this article*, on approval of the governing body of such public agency, may also authorize deductions to be made from their salaries, wages, or retirement allowances for the payment of dues in, *or for any other service provided by*, any bona fide organization whose membership is comprised, in whole or in part, of employees of such agency and employees of such organization and which has as one of its objectives improvements in the terms or conditions of employment for the advancement of the welfare of such employees, such deductions to be made in accordance with the provisions made by the governing body of the public agency."

establish two distinct classes of employees: employees of a "public agency" [hereinafter public employees] and employees of the state [hereinafter state employees]. Parallel statutory sections provide for authorization of deductions by each class of employee for various purposes: the purchase of savings bonds (§§ 1152, 1153); contributions to charity (§§ 1156.3, 1157.2); employee association dues (§§ 1156, 1156.1, 1157, 1157.1, 1157.3). Finally, sections 1157.4 and 1157.5 authorize deductions by county employees.

Given this statutory scheme, we must determine whether the University of California is for purposes of this statute a part of state government or another kind of public agency. Section 1151 defines "public agency" as including "counties, cities, municipal corporations, political subdivisions, public districts, and other public agencies of the State." Appellants argue that this must exclude all but local agencies, under the rule of construction that general terms are limited by the specific terms contained in the same series. (*Hart* v. *City of Beverly Hills* (1938) 11 Cal.2d 343, 347 [79 P.2d 1080].) On this theory, the concluding phrase of section 1151—"other public agencies of the State"—would be restricted to local agencies and thus could not include the University of California. ▮ But the rule of construction cited by appellants is merely an aid in determining legislative intent. It will not be applied so as to defeat legislative intent otherwise determined. (*Coleman* v. *City of Oakland* (1930) 110 Cal.App. 715 [295 P. 59]; *People* v. *McKean* (1925) 76 Cal.App. 114 [243 P. 898].) Where general and specific words or phrases have independent purposes and are not used merely to color one another, the rule should not be used to defeat the apparent purpose of the statute. (*County of Sacramento* v. *City of Sacramento* (1946) 75 Cal.App.2d 436 [171 P.2d 477].)

▮ We have concluded that sections 1150 through 1157 disclose a legislative intent not to treat the University of California as a part of state government for purposes of payroll deductions. First, the legislation repeatedly provides that wage deduction programs for state employees be administered or regulated in various ways by the State Controller or Board of Control.[2] Since the Controller and the Board of Control do not regulate the activities or policies of the University of California (Cal. Const., art. IX, § 9; Gov. Code, § 12470;

---

[2]Section 1156, subdivision (e), provides for fees or charges payable to a state agency as approved by the state Controller. Section 1156,

*Newmarker* v. *Regents of the University of Cal.* (1958) 160 Cal.App.2d 640 [325 P.2d 558]), an implication arises that the Legislature did not intend that University employees be regarded as state employees for this purpose. Second, legislative intent regarding University employment may be inferred from the difference in treatment accorded to the policy issues involved in setting up schemes for payroll deduction in behalf of state employees as opposed to other public employees. The Legislature, acting by itself and through such delegated agencies as the State Board of Control and the Controller, constitutes the "governing body" for state government. Therefore the Legislature itself made the policy determination, in sections 1156 and 1156.1, that state employees were to be entitled to authorize certain specified deductions from their salaries. Important considerations of personnel management were involved in that determination. The Legislature may have considered that as to other employing jurisdictions, where it was not the "governing body," it should refrain from making the policy determination to which we have just referred. Accordingly in dealing with the question of payroll deduction by employees of other public agencies, the legislation we have reviewed leaves the governing body of the employing jurisdiction empowered to form its own policy as to whether to honor various categories of payroll deduction. There can be no question of the power of the Legislature to put into effect in "counties, cities, municipal corporations, political subdivisions, [and] public districts" the same statutory scheme that it applied to state employment. Its failure to do so implies an intention to exempt any public jurisdiction having a "governing body" other than the Legislature.

Under California Constitution, article IX, section 9, the Regents of the University of California, having "full powers of organization and government" of the University, are the governing body charged with determining such matters as personnel policy in general and specifically policy regarding honoring of requests for payroll deduction. We conclude that, for purposes of the program under considera-

---

subdivision (f), provides for insurance policy payments which by specific direction in section 1156.1, subdivision (c), must be approved by the Board of Control. Section 1153 provides that state employees may make deductions for the purchase of United States Savings Bonds "in accordance with the rules and regulations of the State Board of Control." Section 1156.3 authorizes charitable deductions under the regulations of the state Controller and Board of Control.

tion, the Legislature did not intend to treat University employees as state employees.

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied December 12, 1968, and appellants' petition for a hearing by the Supreme Court was denied January 22, 1969.